DOUGLAS B. PICKING AND CONNIE JO PICKING, APPELLANTS, *v.* DAY AND NIGHT ELECTRIC, INC., A CORPORATION, RESPONDENT.

No. 6228

January 18, 1971                    479 P.2d 461

*Lester H. Berkson,* of Stateline, and *Jerry C. Lane,* of Carson City, for Appellants.

*Manoukian & Manoukian,* of Zephyr Cove, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a $1,596.91 judgment in favor of the respondent-plaintiff, Day and Night Electric, Inc., and against appellants-defendants, Douglas B. Picking and Connie Jo Picking. The Pickings seek a reversal and remand to the district court with instructions to the lower court to enter judgment against them for $600 only.[1] The $600 figure grows out of a letter that Day and Night had sent the Pickings offering to do the electrical rewiring in the Pickings' home, which they planned to remodel. The controversy arises regarding the number of rooms that Day and Night agreed to rewire. Day and Night claims the $600 figure covered two rooms only, and not the entire house that was remodeled and rewired. The Pickings assert that Day and Night agreed to do all necessary rewiring in

---

[1] The Pickings had made a $600 offer of judgment. NRCP 68.

the remodeling project for $600. The letter mentioning the $600 sum does not specify the number of rooms to be rewired. The district judge received extrinsic evidence and concluded that the $600 sum related to two rooms only; he gave a quantum meruit judgment to Day and Night in the sum of $1,596.91.

The sole issue presented for our consideration is whether there is substantial evidence in the record to support the judgment of the lower court. We find that there is such evidence, and we affirm the judgment.[2] Close v. Redelius, 67 Nev. 158, 215 P.2d 659 (1950); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969); Coleman v. Benson, 85 Nev. 594, 460 P.2d 158 (1969); Havas v. Alger, 85 Nev. 627, 461 P.2d 857 (1969); Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970); Fox v. First W. Sav. & Loan Ass'n, 86 Nev. 469, 470 P.2d 424 (1970); Bangston v. Brown, 86 Nev. 653, 473 P.2d 829 (1970).

---

[2]During oral argument before this court on December 15, 1970:

Question by the Court: "Would you agree that, if the record supports the trial court's judgment in that there is substantial evidence that Day and Night wired the entire house and that the bid only contemplated wiring two rooms, that we must affirm?"

Answer by Mr. Jerry Lane, attorney for appellants: "Yes, the appellant would agree to that."

. . .

By the Court: "Can you tell us that there is no evidence to that effect?"

Answer: "I cannot tell you that there is no evidence to that effect."