FIRST NATIONAL BANK OF BELLEVUE, A BANKING
CORPORATION, APPELLEE, V. GEORGE P. ROSE ET AL.,
APPELLANTS.

196 N. W. 2d 507

Filed April 20, 1972. No. 38159.

Ralph R. Bremers and George T. Burr, for appellants.

Keith I. Frederick of Schmid, Ford, Mooney, Frederick
& Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action to recover a deficiency judgment for
the balance due on a secured promissory note of the
defendants, after a sale of the collateral security. The
district court sustained plaintiff's motion for a directed
verdict and entered judgment against the defendants
for $9,422.88.

In April 1969, the First National Bank of Bellevue

consolidated two existing loans to defendants and advanced additional cash. The secured note was for $22,200. The security agreement covered various pieces of equipment, including tractors, vehicles, and trailers. Three monthly payments of $2,000 each were made. After default, the plaintiff replevined the equipment and disposed of it at private sale, after notice to the defendants. Following sale and disposition of the collateral, the plaintiff credited the sum of $10,268.50 on defendants' indebtedness.

Plaintiff's petition here set forth essentially those facts. Paragraph VII of the petition specifically alleged that $10,268.50 was the fair and reasonable value of the collateral. The petition prayed for attorneys fees and expenses in accordance with the security agreement and for judgment for the balance due on the note. When the jury trial began, the amount allegedly due was $9,422.88. The defendants' answer was a general denial of each and every allegation of the plaintiff's petition.

The plaintiff's evidence as to the value of the equipment sold at the private sale was largely undisputed except as to one 1959 Freuhauf platform flatbed trailer. Evidence as to that piece of equipment was confusing, to say the least. The flatbed trailer was on the equipment list attached to the financing statement and security agreement. It is not listed on the face of the judgment in the replevin action. There is evidence that a representative of the plaintiff at one point estimated the value of the trailer at $500. The defendant, George Rose, testified that its value was $1,000. The trailer is not specifically accounted for on any record of the sale. Plaintiff's witness conceded that the trailer had been repossessed but could not clearly account for it. In other testimony by that witness, he said: "I guess that trailer was thrown into the hopper." That same witness had assigned a value of $3,836.01 to two tractors. He finally testified that the tractors together with the trailer brought only $3,000 at the sale, but the plaintiff

credited the defendants with $3,836.01, the value of the two tractors.

The trial court took the position that inadequacy of price at the private sale of the collateral was not in issue under a general denial but was instead a matter of affirmative defense which had not been pleaded. However, the defendant Rose was permitted to testify as to the flatbed trailer. At the close of all the evidence, the court granted plaintiff's motion for directed verdict.

Section 9-504(3), U. C. C., provides in part: "Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable."

Under the Uniform Commercial Code, the adequacy or insufficiency of the price for which collateral is sold at a private sale after default and repossession is one of the "terms" of sale, and is relevant along with other issues, in determining whether the sale was commercially reasonable.

The first sentence of section 9-507(2), U. C. C., indirectly supports that conclusion: "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner." See, also, 64 Northwestern University L. Rev. 808, at p. 820. The plaintiff recognized the burden resting on it under the terms of the Uniform Commercial Code and affirmatively pleaded that the sale price was the fair and reasonable value of the collateral. To establish that every aspect of the sale was commercially reasonable was essential to plaintiff's case, and the issue was clearly within the pleadings.

The question remains as to whether or not evidence of inadequacy of price, or lack of proper credit on the indebtedness was admissible under a general denial. A general denial is available to a defendant to challenge

one or more of the elements essential to a recovery by the plaintiff, and the effect of the denial is to put the burden on the plaintiff to establish by evidence the matter denied. Master Laboratories, Inc. v. Chesnut, 154 Neb. 749, 49 N. W. 2d 693.

Where an answer to a petition consists of a general denial, defendant may introduce such testimony as will tend to disprove testimony of plaintiff in support of his petition. For such purposes, no other allegations in the answer are necessary. Alberts v. Pickard, 148 Neb. 764, 29 N. W. 2d 382; Ehlers v. Church of God in Christ, Inc., 173 Neb. 670, 114 N. W. 2d 716.

Here there was a flat contradiction in the testimony as to the value of the flatbed trailer together with no record of its sale and no evidence of the specific amount of credit allowed for it, if any. Under such circumstances, there was a factual issue which required submission to the jury. In a jury case where different minds may draw different conclusions or inferences from the adduced evidence, or if there is a conflict in the evidence, the matter at issue must be submitted to the jury. Hamblen v. Steckley, 148 Neb. 283, 27 N. W. 2d 178.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.