SOLAR, INC., APPELLANT, v. ELECTRIC SMITH CON--STRUCTION AND EQUIPMENT COMPANY, A WASHINGTON CORPORATION, RESPONDENT.

No. 6534

July 28, 1972                                        499 P.2d 649

458

*Paul A. Richards,* of Reno, for Appellant.

*Stanley H. Brown* and *Michael Specchio,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

Alfred Brown Company was the general contractor for the construction of the Broadway-Hale/Weinstock Store in Reno. The rigmarole starts with Brown, the general contractor, designating Smith, the respondent, to do the electrical work. Smith ordered the materials from Valley Electric Company who, in turn, ordered the materials from Solar, Inc. Valley Electric sued Smith for monies due it on this and other jobs. Smith, alleging damages by reason of certain delays in supplying the materials, claimed that Valley Electric was the agent of Solar and sought damages for the delay. The trial court gave judgment for Valley Electric for certain amounts it had coming from Smith, ruled that Valley Electric was not the agent of Solar and dismissed any further implication of Valley Electric. The dismissal left standing Smith's cross-claim against Solar.

The only question for the trial court was whether Smith

should recover against Solar on its claim for damages because of late delivery by Solar. Damages were awarded for Solar's delay in exactly the same amount that Smith owed Solar for materials, to wit, $8,045.55.

Solar appeals from the entire judgment.

1. Appellant has failed to cite authorities for its first appellate proposition that no privity of contract existed between the appellant and the respondent to allow an action on the contract or the third-party claim, and further, neglected to supply this court with recorded facts to enable the court to review that issue. Therefore, we will not entertain it. Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Carson v. Sheriff, 87 Nev. 357, 487 P.2d 334 (1971); Smithart v. State, 86 Nev. 925, 478 P.2d 576 (1970); Riverside Casino Corp. v. Brewer Co., 80 Nev. 153, 390 P.2d 232 (1964).

Further, although the issue of privity was before the lower court the trial court failed to refer to that issue in any respect in its finding of fact and conclusions of law or judgment. Appellant failed to move to amend the findings or judgment (NRCP 52(b)). Therefore, the question was not preserved for appellate consideration.

2. Appellant contends that respondent should have submitted a change order advising appellant that because of the delay in delivery additional costs were being incurred and that such inaction should preclude respondent's recovery of damages. The trial court found that the delay and consequent damages were due solely to appellant's failure to deliver on time. Substantial evidence is in the record to support that conclusion. Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970); Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970).

The record does not bear out any further contentions of the appellant's appeal.

Affirmed.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.