212 N.W.2d 572 (1973)
190 Neb. 747
ASSOCIATES FINANCE COMPANY OF NEBRASKA, a corporation, Appellant,
v.
Peter TESKE and Donna Teske, Appellees.
No. 38973.
Supreme Court of Nebraska.
November 23, 1973.
*573 Luebs, Tracy, Huebner, Dowding & Beltzer, D. Steven Leininger, Grand Island, for appellant.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON and CLINTON, JJ.
SPENCER, Justice.
Plaintiff-appellant appeals from the dismissal of its petition seeking a money judgment for the unpaid balance of a promissory note. Plaintiff repossessed and sold the secured collateral, a 1966 Lincoln Continental automobile; deducted the proceeds from the debt; and brought this action for the balance. The trial court found that the private sale of the collateral for $260 was not commercially reasonable under the Uniform Commercial Code and dismissed plaintiff's petition. We affirm.
On June 17, 1970, defendants executed a promissory note in favor of the plaintiff, along with a security agreement covering the 1966 Lincoln Continental automobile. The amount loaned was $1,625.43. The amount of the note, which included finance charges, was $2,016. Defendants defaulted in their payments. On December 30, 1970, using a key made the week before, plaintiff took possession of the automobile which it found on a Grand Island street. Defendants were residents of Grand Island. The automobile was stored in the open in Grand Island until about the end of January 1971. It was then either driven or towed to Hastings. Plaintiff's manager testified both ways. There it was stored on a used car lot until March 15, 1971, when it was sold.
Plaintiff sent defendants a notice of sale, dated January 7, 1971, advising them that the automobile would be offered for private sale in Hastings after 5 p. m., on the 14th day of January, and from day to day thereafter until sold. The car was then in Grand Island. Plaintiff was aware that defendants did not receive this notice because it was returned unclaimed.
The certificates of publication from The Hastings Daily Tribune do not in any manner identify the automobile herein. Although there are three such certificates, plaintiff did not produce copies of the published notices to which they refer. Two of the certificates show a classified ad of three lines, without further identification, inserted in the issues of February 9, 13, 15, 16, and 17, 1971, by Associates Finance Company, Hastings, Nebraska. The third certificate is in similar form except that it lists the space at five lines and covers the issues of January 30, and February 1 and 2, 1971. The trial court found there was no proof plaintiff actually advertised the car in question. The court further held that even if the published notices covered this vehicle, a commercial ad of three lines was not adequate advertising for a 1966 Lincoln Continental automobile.
The car was sold privately to an automobile repairman for $260. The trial court found that the plaintiff failed to offer the car to any recognized dealerships, and specifically did not contact any dealer handling that type of automobile.
Plaintiff in its brief states: "The substantive issues relate to the interpretation of the U.C.C. The issues in this regard are one of first impression in Nebraska and will require some very important policy considerations. Accordingly, there is a lack of cited case law in the brief. Rather, *574 the plaintiff relies on the clear language of the U.C.C. in support of its case. The general issues presented concern the sale of repossessed collateral in compliance with 9-504 and 9-507 of the U.C.C." Plaintiff in this statement ignores the case of First Nat. Bank of Bellevue v. Rose (1972), 188 Neb. 362, 196 N.W.2d 507, which interprets the U.C.C. provisions involved herein contrary to plaintiff's position.
In First Nat. Bank of Bellevue v. Rose, supra, we held: "Under the Uniform Commercial Code, the adequacy or insufficiency of the price for which collateral is sold at a private sale after default and repossession is one of the `terms' of sale, and is relevant along with other issues, in determining whether the sale was commercially reasonable." Defendants' answer alleged that the value of the secured collateral was equal to or exceeded the amount of plaintiff's claim. This pleading put the burden on the secured party to establish that the disposition of the collateral was accomplished in a commercially reasonable manner.
First Nat. Bank of Bellevue v. Rose, supra, also held: "A general denial is available to a defendant to challenge one or more of the elements essential to a recovery by the plaintiff, and the effect of the denial is to put the burden on the plaintiff to establish by evidence the matter denied." It further held: "Where an answer to a petition consists of a general denial, defendant may introduce such testimony as will tend to disprove testimony of plaintiff in support of his petition. For such purposes, no other allegations in the answer are necessary." Defendants, in their answer, denied that they were indebted to plaintiff.
The evidence as to the value of the car on March 15, 1971, is in irreconcilable conflict. Plaintiff's top value was $275. Defendants' evidence places the value between $1,800 and $2,000. In a preliminary proceeding included in the record herein plaintiff's manager testified that he had obtained an estimate of the costs of repairing the automobile so that it could pass state inspection. That estimate was $175. While we are satisfied that the price obtained at the sale was inadequate, we need not make that finding. As we have said many times, where the evidence is irreconcilable and in direct conflict, this court will consider the trial court's observation of the witnesses and their manner of testifying and that the court must have accepted one version of the evidence rather than the opposite. See Krajeski v. Beem, 157 Neb. 586, 60 N.W.2d 651.
We are satisfied that the plaintiff did not sustain its burden of proof to establish that the sale of the secured collateral was commercially reasonable. As we said in First Nat. Bank of Bellevue v. Rose, supra, this was essential to plaintiff's case. The judgment of dismissal was correct and is affirmed.
Affirmed.
SMITH, Justice (concurring).
The direct effect of a sale that is not commercially reasonable under section 9-504, U.C.C., is to alter the measure of the deficiency. In such case the fair and reasonable value of the collateral as of the time of the sale is offset against the balance due on the security agreement. Cornett v. White Motor Corp., 190 Neb. 496, 209 N.W.2d 341 (1973).
The District Court simply found generally against plaintiff on its petition, and the evidence under the foregoing rule did not compel a finding for plaintiff.
CLINTON, J., joins in this concurrence.