CARL A. KARMANN ET AL., APPELLEES, v. RAY HAASE, APPELLANT, MARGARET POGGENSEE ET AL., INTERVENERS-APPELLANTS, MARGARETHE REICHE WILLEMS ET AL., DEFENDANTS-APPELLEES.

218 N. W. 2d 242

Filed May 16, 1974. No. 39296.

Mueting & DeLay, for appellant and interveners-appellants.

Brogan & Stafford, for appellees Karmann et al.

John R. Mapes and William G. Whitford, for appellees Willems et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Plaintiffs, Carl A. Karmann and LeJane F. Karmann, brought this action to enjoin Ray Haase, defendant, from trespassing upon their land which included the east half of Lot 1, Reiche's Sunshine Acres, in the southwest quarter of Section 11, Township 23 North, Range 1 West of the 6th P. M., Madison County, Nebraska.

Mary Ann Haase, Ray's wife, and Margaret Poggensee, his mother, filed a petition in intervention, and joined with defendant in a cross-petition, seeking to quiet title in themselves to the east half of Lot 1. They joined Margarethe Reiche Willems and Margarethe Reiche Willems, executrix of the estate of Oswald Reiche, deceased, as additional defendants, and sought damages from them in the event title was not quieted in cross-petitioners. By stipulation, Margarethe Reiche Willems as an individual was dismissed from the action with prejudice.

The trial court granted plaintiffs a permanent injunction and quieted the title in them to said real estate. It denied damages to defendant and interveners against the additional defendant. Defendant and interveners perfected this appeal. We affirm in part and reverse in part.

On October 17, 1966, Oswald Reiche, a single person,

executed a contract to sell to Ray Haase, Margaret Poggensee, and Patricia Haase, since deceased, the disputed property, together with a 30-acre tract which joined it on the north. At the same time, Oswald Reiche executed a survivorship warranty deed, and the parties entered into an escrow agreement whereby the contract and deed were delivered to J. R. Mapes, escrow agent. Patricia Haase subsequently died, and Ray Haase married Mary Ann Haase, one of the interveners.

Plaintiffs, who were the owners of Lot 2, Reiche's Sunshine Acres, purchased the west half of Lot 1 from Oswald Reiche on March 17, 1964. They acquired the east half of Lot 1 from the executrix of the last will and testament of Oswald Reiche, under testamentary power of sale by executrix' deed dated June 21, 1971. This they filed for record the same day. At that time the contract and the escrow deed were not of record. J. R. Mapes, the escrow agent, was the attorney for the executrix and prepared the deed which conveyed the east half of Lot 1, Reiche's Sunshine Acres, to plaintiffs.

No useful purpose will be served by detailing the respective testimony of the parties. For the purposes herein we merely synopsize their various contentions. Defendant's and interveners' testimony would justify a finding they continuously used the east half of Lot 1 as a driveway for the 30-acres to the north. Plaintiffs' testimony, on the other hand, would support a finding they were bona fide purchasers of the east half of Lot 1 without notice of any claims of any other persons. They contend the first notice they had of the Haase-Poggensee claim was after they purchased the property. Carl put a fence on the disputed area and the defendant cut it and drove his wrecker across the area. Plaintiffs called the sheriff and, at that time, learned that defendant claimed title to the area by virtue of the contract and the escrow deed. This action followed.

The testimony of the parties is in irreconcilable conflict. Our law is well settled, where the evidence is

irreconcilable and in direct conflict, this court will consider the trial court's observation of the witnesses and their manner of testifying, and that the court must have accepted one version of the evidence rather than the opposite. Associates Finance Co. v. Teske (1973), 190 Neb. 747, 212 N. W. 2d 572. We also consider the fact that the trial court viewed the premises.

Defendant and interveners, who will hereafter be referred to as defendants, question whether injunctive relief is available to protect the right of possession of a subsequent purchaser of property. Whatever merit there may have been to this claim, defendants have waived it by cross-petitioning to quiet the title in themselves.

Section 76-238, R. R. S. 1943, provides: "All deeds, mortgages and other instruments of writing which are required to be or which under the laws of this state may be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for recording, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages or other instruments shall be first recorded; Provided, that such deeds, mortgages and other instruments shall be valid between the parties."

Fundamental to the law of registry is the principle of establishing priority of title. Section 76-238, R. R. S. 1943, is designed to protect a subsequent purchaser even though there was a prior conveyance or transaction concerning the property, provided the subsequent purchaser recorded his title first, and provided further that the subsequent purchaser was a bona fide purchaser without notice of any other claims to the property. Plaintiffs' deed, although subsequent in time, was the first recorded. The finding of the trial court, based on conflicting evidence, in effect finds that plaintiffs were bona

fide purchasers for value without notice. We cannot say on the record that this finding is clearly erroneous.

Defendants at this late date attempt to question plaintiffs' pleadings. It is defendants' contention that although plaintiffs contended they were the owners of the property they did not specifically plead that they were bona fide purchasers for value without notice. However, the case was tried on that theory. Defendants first raised this point in their motion for a new trial. Defendants, by their conduct, consented to a trial on the pleadings. They are bound by the evidence adduced and cannot now complain because the issue may have been insufficiently pleaded.

In this case, defendants pleaded in the alternative that the additional defendant should be held liable for her unlawful act in issuing an executrix' deed to the plaintiffs when there was a previously issued deed being held in escrow with J. R. Mapes, the attorney for executrix. Margarethe Reiche Willems, executrix, specifically admitted the execution of the escrow agreement and deed, the fact that it was deposited with J. R. Mapes, that defendants had fully performed all the terms and conditions of the contract, and that notwithstanding that fact, said executrix executed and delivered a deed to the plaintiffs for some of the same property. In this case, therefore, the executrix judicially admitted sufficient of defendants' allegations to sustain some award for damages. The court, however, found against the defendants on the answer and cross-petition as it pertained to the executrix. Consequently, the court failed to decide the issue of the executrix' liability to the defendant and interveners, even though some liability was inferentially admitted.

The judgment is affirmed insofar as the title to said real estate was quieted and confirmed in the plaintiffs. That portion of the judgment finding against the defendant and interveners on their cross-petition against the additional defendant is reversed and the cause is

remanded for a determination of the damages sustained by defendant and interveners. In all other respects the judgment is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED.

CLINTON, J., dissenting in part.

I agree with the opinion of the court on the main case. I disagree with the portion of the opinion that directs the finding of more than nominal damages against the additional defendant. Haase's testimony as to the difference in value of his land with the east half of Lot 1, Reiche's Sunshine Acres severed from it was sufficient to support a finding of damages, but it did not compel such a finding. It is evident that the court did not believe the unsupported exorbitant claim of difference in value. Haase took his own chances of failure when he did not produce disinterested expert testimony of value. The court was not required to speculate on actual difference in value after it refused to accept the party's own testimony nor is the party entitled to a second opportunity to provide acceptable evidence. See authorities cited in my dissent in Bass v. Boetel & Co., *ante* p. 733, 217 N. W. 2d 804. The trial court should have, however, entered a judgment for nominal damages.