MAYNARD ALVES AND JACOLYN ALVES, HUSBAND AND WIFE, APPELLANTS, *v.* HORTON BUMGUARD–NER AND DARLENE BUMGUARDNER, HUSBAND AND WIFE, RESPONDENTS.

No. 7921

December 22, 1975                   544 P.2d 436

*James F. Sloan,* Reno, for Appellants.

*C. E. Horton,* Ely, for Respondents.

## OPINION

*Per Curiam:*

Appellants contend the district court erroneously determined that the parties intended certain small tools and equipment to be included in the sale of appellants' ranch to respondents.

The court's determination is based on substantial evidence and will not be set aside on appeal. County of Clark v. Lucas, 91 Nev. 263, 534 P.2d 499 (1975); Kulik v. Albers Incorporated, 91 Nev. 134, 532 P.2d 603 (1975); Fletcher v. Fletcher, 89 Nev. 540, 516 P.2d 103 (1973); Picking v. Day and Night Elec., Inc., 87 Nev. 5, 479 P.2d 461 (1971).

Appellants argue that the Uniform Commercial Code is applicable to the transaction. In that this argument is first raised on appeal and supported by no authority, we will not entertain it. Solar, Inc. v. Electric Smith Constr., 88 Nev. 457, 499 P.2d 649 (1972); Howarth v. El Sobrante Mining Corp., 87 Nev. 492, 489 P.2d 89 (1971); Britz v. Consolidated Casinos Corp., 87 Nev. 441, 488 P.2d 911 (1971); Young Elec. Sign Co. v. Erwin Elec. Co., 86 Nev. 822, 477 P.2d 864 (1970).

Numerous other contentions of appellants being without merit, we affirm the district court's judgment.