FIRST WESTSIDE BANK, A NEBRASKA BANKING CORPORATION, APPELLEE, V. FOR-MED, INC., A NEBRASKA CORPORATION, AND DAVID R. ANDERSON, APPELLANTS.

481 N.W.2d 193

Filed March 13, 1992.    No. S-89-839.

Gary L. Dolan, of Knudsen, Berkheimer, Richardson & Endacott, for appellants.

James M. Kelley for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Appellee, First Westside Bank, sued appellants, For-Med, Inc., and David R. Anderson, in an action for a deficiency judgment ($22,808.35) after the sale of collateral, a motor home, for a loan and security agreement.

For-Med and Anderson appeal from the district court's entry of summary judgment for appellee. The court awarded judgment in the amount of $22,808.35, plus interest at the rate of $6.70 per day from July 26, 1984, to the date of judgment, July 7, 1989, plus interest at the statutory judgment rate thereafter.

## FACTS

On June 24, 1983, the parties executed a loan and security agreement in the amount of $79,924.89, plus interest, using the motor home as collateral. Allegedly, each appellant breached the terms and conditions of the note, and appellee opted to declare the entire note due and payable in full.

Upon notice to each appellant and solicitation of bids from various individuals and entities, appellee sold the motor home to the highest bidder for $60,000. On June 27, 1984, a notice of sale was mailed to appellant Anderson, which was refused over the initials of Anderson. After the sale price was credited, a balance of $18,735.04 remained on the debt, plus the reasonable and necessary expenses of the sale. The appellants did not raise the issue of commercial reasonableness of the sale in their answer or introduce evidence in the summary judgment process.

## ASSIGNMENTS OF ERROR

For-Med and Anderson allege that the district court erred in (1) finding that Anderson had received proper notice of the sale of collateral by the appellee, (2) failing to make a finding as to whether the collateral had been sold in a commercially reasonable manner, and (3) determining that there were no material issues of fact in dispute.

## NOTICE

The district court found that Anderson had received constructive notice of the sale of the collateral. We agree.

Although stockholders in corporations are not normally individually liable for corporate debts, the reality is that many loan institutions require one representing a small, low equity corporation to personally cosign for a corporate loan, thereby acting as guarantor. Anderson had personally signed the note for this loan as a debtor. No question exists as to his joint and several liability for the obligation.

Neb. U.C.C. § 9-504(3) (Reissue 1980) requires that for private sale of collateral "reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . . ." We have interpreted this to require that a written notice be sent in such time that the debtors will have a minimum of 3 business days to arrange to protect their interest in the property. See, *Citizens State Bank v. Sparks*, 202 Neb. 661, 276 N.W.2d 661 (1979); *DeLay First Nat. Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 243 N.W.2d 745 (1976).

This court has also held that notification under the Uniform Commercial Code as to disposition of collateral does not depend upon whether the notification actually reached the person to whom it was sent; the statute is satisfied if the steps taken were such as would reasonably be required to inform the person to be notified in the ordinary course. *First Nat. Bank & Trust Co. v. Hermann*, 205 Neb. 169, 286 N.W.2d 750 (1980).

This view is supported by James J. White & Robert S. Summers, Uniform Commercial Code § 25-12 at 1225 (Student 3d ed. 1988):

> After the secured creditor prepares a notice with all the necessary information and rechecks it to assure accuracy, the creditor must send the notice to the debtor. . . . However, the Code does not require that the debtor actually receive the notice. . . . Indeed, if a creditor had to assure debtor's receipt of the notice, a debtor could hide to prevent disposition of collateral!

As to appellants' claim that the district court erred in its failure to make a finding as to the commercial reasonableness of appellee's sale of the collateral, we agree. We therefore vacate the order of summary judgment in favor of the appellee and remand the matter for further proceedings.

Under § 9-504(3), the secured party has a duty to resell possessed collateral in a commercially reasonable manner. The burden of proof as to the commercial reasonableness of a sale is placed upon the secured party conducting the sale where the secured party is seeking a deficiency judgment. *Adams State Bank v. Navistar Financial Corp.*, 229 Neb. 334, 426 N.W.2d 525 (1988). See, *Associates Finance Co. v. Teske*, 190 Neb. 747, 212 N.W.2d 572 (1973); *First Nat. Bank of Bellevue v. Rose*, 188 Neb. 362, 196 N.W.2d 507 (1972).

The purpose of a summary judgment proceeding is to pierce the allegations of the pleadings and to show conclusively that the controlling facts are other than alleged and that the moving party is entitled to judgment as a matter of law. *Strong v. K & K Investments*, 216 Neb. 370, 343 N.W.2d 912 (1984). Summary judgment is appropriate where the moving party establishes that there exists no genuine issue of material fact or differing inferences to be drawn therefrom in the case and that under the facts he is entitled to judgment as a matter of law. *Gilbreath v. Ridgeway*, 218 Neb. 822, 360 N.W.2d 474 (1984); Neb. Rev. Stat. § 25-1332 (Reissue 1989).

We cannot say that there exists no genuine issue of material fact or that no differing inferences may be drawn from the evidence. Appellee did not assert the commercial reasonableness of its private sale, aside from its evidence of costs and expenses contributing to the deficiency on the debt. The court, subsequently, could make no finding, having no evidence before it regarding the reasonableness of the sale. A genuine issue of material fact remained unresolved and, as such, the granting of appellee's motion for summary judgment was improper under § 25-1332.

We reverse the district court's order of summary judgment for the appellee, and we remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.