An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES E. KAUFMAN, III,
Appellant/Cross-Respondent,
vs.
HLK, LLC AND RUSSELL HAWLEY,
Respondents/Cross-Appellants,
  and
PENNY MELLO,
Respondent.

No. 59797

**FILED**

SEP 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING*

This is an appeal and cross appeal from a district court order, entered on remand, in a business dispute. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.[1]

Appellant Charles Kaufman and respondent Russell Hawley formed HLK, LLC (HLK), to facilitate a purchase of industrial real estate. Hawley paid for a portion of Kaufman's initial capital contribution. Kaufman later sought to dissolve HLK but Hawley refused, asserting that Kaufman lacked an ownership interest because he had not made the initial contribution. Respondents sued Kaufman for breach of his fiduciary duties. Kaufman counter-sued respondents HLK, Hawley, and Penny Mello, seeking to dissolve HLK and to establish his ownership interest in the company.

---

[1]The Honorable James W. Hardesty, Justice, did not participate in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-26991

In 2005, the district court ruled in respondents favor, imposing a constructive trust on Kaufman's interest. In 2008, this court reversed the district court's order and remanded with instructions that the proper remedy was a charging order. On remand in 2011, the district court instead concluded that Kaufman lacked an ownership interest in HLK, thus avoiding the remedial issue. The district court also awarded attorney fees and costs to respondents and dismissed all remaining claims between the parties.[2]

On appeal, we must determine whether a member of a limited liability company (LLC) loses his membership interest by failing to make an initial capital contribution. NRS 86.321 provides that the contribution to capital may be in a form other than cash, such as a promise to perform, and that the failure to make a contribution only creates a liability for that amount to the LLC under NRS 86.391. Accordingly, the district court erred in finding that Kaufman did not have an interest in the proceeds of the dissolution of HLK. We also conclude that the district court abused its discretion in awarding attorney fees and that the respondents waived their right to appeal the district court's dismissal of their counterclaim.

*Standard of review*

This court reviews issues of law de novo and issues of fact for substantial evidence on the record. *Keife v. Logan*, 119 Nev. 372, 374, 75 P.3d 357, 359 (2003). This court reviews a district court's award of attorney fees for an abuse of discretion. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006).

---

[2]As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

*The district court erred by concluding that Kaufman had no ownership interest in HLK*

Kaufman argues that the district court erred by ruling that Kaufman had no ownership interest in HLK upon dissolution because he did not make an initial capital contribution. We agree, as Kaufman's failure to make his initial contribution only creates a liability to the LLC for the amount owed, while the remaining assets of the LLC should be divided based on the members' percentage interest in the LLC as stated in the operating agreement.

*A promise to perform is sufficient to create a membership interest in an LLC*

NRS 86.321 broadly provides that "contributions to capital of a member to a limited-liability company may be in cash, property or services rendered, or a promissory note or *other binding obligation* to contribute cash or property or to perform services." (Emphasis added). If an expected contribution is not satisfied, NRS 86.391(1)(a) makes a member liable to an LLC "[f]or a difference between the member's contributions to capital as actually made and as stated in the articles of organization or operating agreement as having been made." In other words, these provisions plainly provide that Nevada treats a promise to perform (i.e., make a capital contribution) as sufficient to create a membership interest, NRS 86.321, and failure to perform the promise creates a liability to the LLC, not a forfeiture of the breaching member's interest, NRS 86.391(1)(a).

Here, the district court found that Kaufman breached his fiduciary duties to Restaurant Facilities, LTD (RFL), by improperly taking $24,600 from the company to satisfy his contribution, and imposed a

judgment against Kaufman to repay RFL.[3]  Hawley has never requested that Kaufman repay the remaining $30,000 portion of his contribution and Kaufman has not done so.  However, under NRS 86.391(1)(a), Kaufman's failure to make a contribution contemplated by the operating agreement or articles of incorporation only creates a liability to HLK or to those from whom Kaufman received the money used to satisfy an obligation to the LLC (i.e., RFL and Hawley).  Thus, Kaufman did not necessarily have to satisfy his initial contribution in order to retain a membership interest.  As we have previously instructed, the exclusive remedy against the member's interest is a charging order.  *See Hawley v. Kaufman*, Docket No. 46634 (Order Granting Rehearing and Affirming in Part, Reversing in Part, and Remanding with Instructions, May 8, 2008) (holding that NRS 86.401 provides the exclusive remedy for a judgment creditor against an LLC member's interest).

*Kaufman's failure to make a required contribution created a liability to HLK*

NRS 86.521(1)(c) provides that upon dissolution, payments go to the members in respect to their capital contributions.  However, NRS 86.521(2) conditions such apportionment on the terms of the operating agreement.  In other words, once each member's *initial contribution* is repaid, the *remaining assets* should be divided by the interest defined in the operating agreement, not the percentage of each member's actual capital contribution.

The district court concluded that Kaufman was not entitled to any proceeds upon HLK's dissolution because "the ownership percentage

---

[3]Kaufman has since repaid RFL and satisfied this judgment.

of prospective members of HLK was determined by the contributions made by each member." However, the operating agreement (which trumps NRS 86.521(1)(c)'s default rule) sets forth the respective ownership interests and leaves the amount of initial contributions blank. Subsequent to signing the operating agreement, the parties divided the purchase price of RFL's facility by their respective interests. Therefore, Kaufman's predetermined *interest*, as stated in the operating agreement, defined the amount of his contribution, not vice versa. By paying less than his share of the purchase price, Kaufman only created a liability to HLK, not a diminished interest upon dissolution. *See* NRS 86.391, NRS 86.321.

Accordingly, the district court erred by concluding that Kaufman's failure to make an initial contribution eliminated his membership interest in the LLC upon dissolution.

*The district court abused its discretion by awarding attorney fees and costs*

Kaufman argues that the district court's fee award was premature because it had yet to address his claims against HLK for dissolution and for a determination of his interest.[4] We conclude that Kaufman's argument has merit.

---

[4]HLK contends that all of Kaufman's claims were dismissed on their merits prior to the 2005 judgment, such that they were not revived by this court's 2008 reversal. This argument fails, however. The record reflects that the district court dismissed Kaufman's claims against Hawley and Mello as individuals because they were not proper parties under NRS 86.371. However, the record does not support that any of Kaufman's claims against HLK as a separate defendant were similarly dismissed. Instead, Kaufman's claims against HLK for dissolution and his rights thereof survived summary judgment and were not resolved until *after* the district court's award of attorney fees.

This court reviews a district court's award of attorney fees for an abuse of discretion. *Thomas*, 122 Nev. at 90, 127 P.3d at 1063. To support an award of attorney fees to a prevailing party under NRS 18.010(2)(b), "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) (internal quotations omitted).

Because the crux of Kaufman's initial complaint appears to revolve around his ownership interest in HLK and his rights upon dissolution, the fee award was premature because the district court had yet to revisit these claims in the wake of this court's remand. Although this court affirmed that Kaufman was liable to HLK as a prevailing party (albeit through a different remedy), the district court subsequently *granted* Kaufman partial summary judgment with regard to his dissolution claim. Thus, it was an abuse of discretion for the district court to award attorney fees to HLK for "*all* of the billings incurred" in defense of Kaufman's complaint, as the record reflects that the dissolution claim was brought on reasonable grounds. Moreover, the district court's 2008 award fails to include any discussion on whether the full amount of fees and costs is reasonable. *See Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969) (directing the district court to consider four factors in calculating the reasonableness of attorney fees: (1) the qualities of the attorney, (2) the character of the work to be done, (3) the actual work performed by the attorney, and (4) the case's result).

Accordingly, we conclude that the district court erred in awarding the full amount of HLK's requested attorney fees and costs

because the record reflects that Kaufman's claim for dissolution was reasonable.[5] *Kahn*, 121 Nev. at 479, 117 P.3d at 238.

*The district court did not err by dismissing HLK and Hawley's counterclaim for accounting and judgment*

In its 2005 judgment, the district court dismissed all claims not expressly granted, summarily dismissing by implication HLK and Hawley's counterclaim for an accounting. HLK and Hawley contend that the district court erred because the dismissal failed to comply with NRCP 52(a), which requires the district court to set forth findings of facts and conclusions of law to support its decision.

NRCP 52(b) gives the parties 10 days to submit a motion to amend the findings. A party does not preserve their argument for appeal where the party does not move to amend the findings, even where the district court fails to satisfy NRCP 52(a). *Solar, Inc. v. Elec. Smith Constr. and Equip. Co.*, 88 Nev. 457, 459, 499 P.2d 649, 649-50 (1972).

Because HLK and Hawley's counterclaim was dismissed in the district court's 2005 judgment, and since this court's remand did not revive that claim, the 2005 judgment was a final judgment in regard to the counterclaim. By failing to make a motion to amend or make additional findings pursuant to NRCP 52(b), HLK and Hawley have not preserved their right to challenge the sufficiency of the district court's findings. As

---

[5]Kaufman also argues on appeal that this court should remand with explicit instructions that the district court address his claim that HLK converted his ownership interest and to award damages. Because the district court dismissed Kaufman's conversion claim on its merits in its 2005 judgment, and because Kaufman did not raise this argument in the previous appeal, the argument is waived. *Molino v. Asher*, 96 Nev. 814, 818, 618 P.2d 878, 880 (1980) (precluding relitigation on remand issues for which final judgment was given).

such, Hawley and HLK waived their NRCP 52(a) argument by failing to timely raise it.

Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Molof & Vohl
Jack I. McAuliffe, Chtd.
Washoe District Court Clerk