## 43501.  BRASWELL v. AMERICAN NATIONAL BANK.

PANNELL, Judge.  American National Bank brought an action for a deficiency judgment against T. J. Braswell upon a contract of conditional sale between defendant purchaser and a third party (assigned to plaintiff) whereby defendant purchased an automobile at a price of $2,195, plus $50.25 sales tax, on which he paid the sales tax with cash and received credit for $520 on a trade-in, leaving a balance of $1,675 to which was added a "time price differential" of $284.50.  A copy of the conditional sale contract was attached to the petition.  The petition as amended further alleged that on March 22, 1965, the defendant defaulted in one of his payments and the entire balance of $1,568 was declared due and payable; that the automobile was repossessed, and on June 2, 1965, the defendant was informed that unless he paid off the balance due the automobile would be put up for bids and would be sold to the highest bidder, and that the defendant would be responsible for the deficiency between the amount the car sold for and the balance due on the contract; that the defendant failed to pay off the balance or any part thereof, the plaintiff put the car up for sale to the highest bidder, three parties bid on it, and it was sold for $850 to the highest bidder.  The prayers were for recovery of the balance of $718 plus attorney's fees.  The defendant answered denying the material allegations of the petition and further answered alleging "that at no time was he advised of any sale, the date thereof, the method of sale, whether private or public nor the place of sale, but alleges that such sale, if any, was but a sham and a collusion on the part of the plaintiff and unknown, if any, private bidders who habitually do business with plaintiff, and is thusly a conspiracy among those unknown to defendant but well known and remembered by plaintiff, to extort and defraud your defendant out of money not rightfully theirs, and to otherwise impair and injure the reputation and good will of defendant."  He prayed for. no damages either by setoff or recoupment.  At the hearing on plaintiff's motion for summary judgment, the plaintiff proved the material allegations of the petition except as to the notice of sale and as to this the proof was that after the note became in default because of the failure to pay an instalment "the American National Bank repossessed the car which was the

subject of said conditional sales contract and on June 2, 1965, informed T. J. Braswell that unless he made immediate arrangements with the bank to pay off the said balance due on said contract, the car would be sold and that T. J. Braswell would be responsible for any deficiency between the amount the car brought on the sale and the amount due on the contract" and that "T. J. Braswell failed to make any such arrangements, or pay off the balance or any part thereof, and the American National Bank put the car up for sale to the highest bidder and three parties bid on same and it was sold to the highest bidder for $850." The defendant offered no proof. The trial judge granted the plaintiff's motion for summary judgment and the defendant appeals to this court. Appellant contends that the failure of plaintiff to prove or show that notice was given in accordance with the requirements of Section 109A-9—504 of the Georgia Uniform Commercial Code prevented a recovery by plaintiff of a deficiency judgment, and the granting of a motion for summary judgment for the plaintiff was therefore error. *Held:*

Paragraph 3 of Section 109A-9—504 of the Ga. U. C. C. provides that "reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor" with some exceptions not here material. Neither the notice alleged nor the notice proved complied with this provision. While repossession here, the contrary not appearing, seems to have been lawful so as to possibly preclude the application of the doctrine of accord and satisfaction (see *Gibson v. Filter Queen Co.*, 109 Ga. App. 650 (136 SE2d 922) ; *Moody v. Nides Finance Co.*, 115 Ga. App. 859 (156 SE2d 310)) because of a wrongful taking, it does not preclude a rescission (see *Hargett v. Muscogee Bank*, 32 Ga. App. 701 (124 SE 541) ; *Blevins Aircraft Co. v. Gardner*, 66 Ga. App. 843 (19 SE2d 350) ; *Southern Auto Finance Co. v. Chambers*, 65 Ga. App. 259 (15 SE2d 903)) ; and while the statute provides for affirmative action on the part of the secured party if he desires to retain the property in payment of the debt (see § 109A-9—505 (2)), and, while under § 109A-9—507 (1), provision is made that if it is established that the secured party is not proceeding in accordance with the provisions of the law, disposition of the collateral may be ordered or restrained and that the

debtor may recover from the secured party any loss caused by the failure to comply with the provisions of the notice of sale, yet the majority of the courts in this country in applying these provisions of the Act have reached the conclusion that the act of the secured party, in selling the collateral without strict compliance with the notice of sale provisions, precludes the purchaser or owner from exercising his right of redemption under Section 109A-9—506, and for that reason the secured party cannot recover for the deficiency. See in this connection *Moody v. Nides Finance Co.,* 115 Ga. App. 859 (5), supra, and Section 24 on Page 82 of the Annotation in 49 ALR2d 15. We concur with this view. It follows that the trial court erred in granting summary judgment for the plaintiff.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*

Argued March 6, 1968—Decided April 25, 1968.

*Harrison & Laseter, John R. Laseter,* for appellant.
*Bennet, Gilbert, Gilbert & Whittle, R. John Genins,* for appellee.