## 29452. GURWITCH v. LUXUREST FURNITURE MANUFACTURING COMPANY.

INGRAM, Justice.

Certiorari was granted to review the opinion of the Court of Appeals reported in 132 Ga. App. 661 (209 SE2d 63). The facts of the case are well discussed there and need

not be repeated for a statement of the single issue we decide. That issue is whether a creditor who fails to comply with Code Ann. § 109A-9—504 (3) in the sale of the collateral after repossession is barred from obtaining a deficiency judgment against the debtor.

The Court of Appeals resolved this issue in Division 2 of its opinion in favor of the creditor and held the creditor "still was entitled to receive the contract price for the furniture sold to [the debtor] over and above the dollar amount of the furniture repossessed and which constitutes the deficiency in this case."

The debtor argues that this holding is contrary to earlier decisions of the Court of Appeals, notably, *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420) (1968), and *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (180 SE2d 589) (1971). On the other hand, the creditor argues these cases are inapposite as they dealt with retail consumer transactions involving repossession of the entire collateral, whereas, here, the transaction was purely a commercial transaction involving goods intended for resale by the debtor. The creditor argues that it could not repossess the entire collateral in this case because some of it had been resold by the debtor who retained the entire proceeds from these resales. The creditor urges that in *Braswell* and *Edmondson,* supra, as well as other typical consumer cases, when the debtor is given credit for the full value of the goods repossessed, there is either no deficiency or a comparatively minimal deficiency, whereas in the present commercial setting, the debtor would still owe a substantial deficiency even if given credit for the entire purchase price of the repossession sale.

One noted commentary has this to say about the issue before us: "The judicial response to the misbehaving creditor who seeks a deficiency judgment spans the spectrum of possible results. On one end of the scale, Skeels v. Universal CIT Credit Corp. [222 FSupp. 696 (1963)] in Pennsylvania, and *Braswell,* [supra] in Georgia stand clearly and unequivocally for the proposition that a creditor who violates the provisions of Part Five [of Art. 9] loses his right to a deficiency. The decisions in the other Georgia cases are more equivocal, but they also arrive at

the same result. Other cases simply allow the deficiency subject to whatever set-off the debtor can prove as a result of the improper sale.

"In Arkansas and the jurisdictions which have followed its lead, the courts have attempted to stake out a middle ground. Upon a showing of creditor non-compliance with Part Five, the debtor gets the benefit of a presumption that the collateral was worth the amount of the outstanding debt at the time of default. Accordingly, the debtor is freed from any deficiency unless the creditor proves that the collateral had a lower value." White & Summers, Uniform Commercial Code, § 26-15, pp. 1005, 1006 (1972).

In the context of this case, we see no compelling distinction between sales involving goods that are to be retained by the debtor and sales involving goods that are to be resold by the debtor. If the creditor did not want the debtor to sell parts of the collateral and retain the proceeds from these sales, it could have perfected a security interest in the proceeds as authorized by the Commercial Code (Code Ann. § 109A-9—306). Its omission to do so should not be used as a legal excuse for its failure to comply with the Code requirements relating to repossession and sale by it of the remaining collateral of the debtor. We believe the view expressed in *Braswell* and *Edmondson* is applicable to both retail and commercial sales. Compliance with Code Ann. § 109A-9—504 (3) is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. Therefore, the judgment of the Court of Appeals reaching a different result on this issue is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 17, 1975 — DECIDED MARCH 12, 1975.

*Nall, Miller & Cadenhead, Gerald A. Friedlander, James C. Pratt,* for appellant.

*Lazarus, Stokes & Kaplan, Marion B. Stokes, John H. Watson,* for appellee.