## 52662. GRANITE EQUIPMENT LEASING CORPORATION v. MARINE DEVELOPMENT CORPORATION.

SUBMITTED SEPTEMBER 14, 1976 — DECIDED OCTOBER 4, 1976.

*John L. Blandford,* for appellant.
*Haddon, King & Jackson, William C. Haddon,* for appellee.

DEEN, Presiding Judge.

1. The trial judge found as a matter of fact that the appellee defaulted on its contract with a balance due of $6,383.19, that the appellant repossessed the equipment and sold it at a private sale for $1,100 after advertising, making telephone inquiries to prospective buyers and receiving a bid of $150 (which was eventually withdrawn), and that the subsequent buyer of the equipment shortly resold it for $1,900.

A secured party has the right to dispose of repossessed collateral at a private sale so long as every aspect of the disposition including the method, manner, time, place and terms are commercially reasonable. Code Ann. § 109A-9—504 (3). If the secured party does not dispose of the collateral in a commercially reasonable manner, there can be no recovery of any deficiency between the sale price and the unpaid balance. *Gurwitch v. Luxurest Furniture Mfg. Co.,* 233 Ga. 934 (214 SE2d 373). In determining whether a sale of repossessed collateral is commercially reasonable and therefore whether the secured party is entitled to recover a deficiency, the fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner. Code Ann. §

109A-9—507 (2).

When the reasonableness of a sale of repossessed collateral is challenged, the secured party has the burden of proving that it was reasonable; the ultimate question of commercial reasonableness is one of law. Dynalectron Corp. v. Jack Richards Aircraft Co., 337 FSupp. 659 (WD Okla. 1972). Once this burden is met by establishing that every aspect of the sale was commercially reasonable, it cannot be overcome by the mere fact that a higher price might have been obtained under a different set of circumstances. But in order for the secured party to *first* meet its burden of proving every aspect of the sale to be commercially reasonable, it must establish affirmatively that the "terms" of the sale were commercially reasonable; this includes a burden to show that the resale price was the fair and reasonable value of the collateral. First Nat. Bank of Bellevue v. Rose, 10 UCC Rep. 903 (188 Neb. 362). The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt; failure to so prove results in a presumption that the value was at least the amount of the debt. In re Thomas, 12 UCC Rep. 578 (WD Va. 1973); Barker v. Horn, 245 Ark. 315 (432 SW2d 21).

The only witness for the appellant testified that she had no expertise in the value of the repossessed equipment and that she had been told it had only "junk value." "Although testimony heard was that the [collateral] was junk, there was no showing of valuation in the nature of an appraisal by a third party. . ." In re Thomas, 12 UCC Rep. 578, 580. The appellant was offered $150 for the equipment but sold it for $1,100. "Unless [the purchaser] was itself a junk dealer, the [collateral] must, we assume, have had some value [to the purchaser] other than mere junk value." In re Thomas, 12 UCC 578, 581. Mr. Atkins, to whom the equipment was sold, was no junk dealer; indeed, he resold it within a very short time at a substantial profit for himself. It is therefore clear that the equipment had more than mere junk value, but what that value was is unclear because the appellant never established it.

Under the contract the equipment had a value in excess of $6,000 but was sold for only $1,100. "A wide

discrepancy between the sale price and the value of collateral signals a need for close scrutiny, ... even though a seemingly low return is usually not dispositive on the question of commercial reasonableness." In re Zsa Zsa Limited, 11 UCC Rep. 1116, 1124 (SDNY 1972). Having closely scrutinized this sale of repossessed equipment, we find a wide discrepancy between the sale price and the value of such collateral (presumed to equal the amount of the debt in the absence of proof otherwise) coupled with the appellant's failure to prove the value at the time of repossession, and that such value does not equal the debt. The appellant has nowhere shown that the resale price was the fair and reasonable value of the collateral, has therefore failed to show that the price term of the resale was commercially reasonable and thus cannot recover a deficiency. The trial judge's finding that this sale was not commercially reasonable for failure to establish that the price term was not shown to be commercially reasonable was correct under the evidence.

2. Other enumerations of error are not erroneous for any of the reasons urged by the appellant.

*Judgment affirmed. Quillian and Webb, JJ., concur.*