57934. BROWN et al. v. C. I. T. CORPORATION.

DEEN, Chief Judge.

This is an action by the appellee for a deficiency judgment following foreclosure of an auger, an expensive piece of mining equipment, record title to which was in a defunct corporation. The appellant defendants are the officers of this corporation and guarantors on a note by which the auger was put up as collateral. The appellee lender, after default, repossessed and sold the equipment at private sale, then brought this action for $86,464.78, the difference between the amount realized on resale and the balance owing on the contract price.

The enumerations of error attack two contradictory instructions given by the trial court. At one point he said: "If you find for the plaintiff, the form of your verdict would be: We, the jury, find for the plaintiff in the sum of $86,464.78." He also instructed them when questioned by

a juror whether the jury would have to award the full amount: "Yes. This is a liquidated amount . . . and it would be all or nothing."

The other instruction objected to is as follows: "If you find that plaintiff C. I. T. Corp. did not sell the repossessed Salem Twin Auger in a commercially reasonable manner, then you may still find that the plaintiff C. I. T. Corp. is entitled to receive a deficiency in the amount of a contract price owed by the debtor for the repossessed auger over and above the value of the repossessed auger at the time of its repossession."

Every aspect of a foreclosure sale (method, manner, time, place and terms) must be commercially reasonable. Code § 109A-9—504(3). This is a condition precedent to the recovery of *any* deficiency between the sale price and the balance remaining due on the contract price, and if the sale is not commercially reasonable the plaintiff can recover nothing, because it is then presumed that the price on foreclosure sale in fact does represent the full value of the article at the time of repossession. *Gurwitch v. Luxurest Furniture Mfg. Co.,* 233 Ga. 934, 936 (214 SE2d 373) (1975); *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976). There may be occasions where the sale on foreclosure is commercially reasonable but there are other issues in the case which would make a fact question as to the amount of the deficiency. *Citizens & Sou. Nat. Bank v. Morgan,* 142 Ga. App. 337 (235 SE2d 767) (1977). But if the condition precedent of commercial reasonableness is not met on the foreclosure sale no recovery is possible, and the burden is on the creditor to prove this. Therefore, the instruction to the jury last quoted above which allows a recovery even if the repossessed personalty is not sold in a commercially reasonable manner was error. We fail, however, to perceive how it might have been harmful to the appellant, since the jury disregarded it and in fact made a finding based on a proper instruction that the amount was liquidated, and the true question was recovery vel non. We therefore do not reverse on this ground.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 29, 1979 — DECIDED JUNE 19, 1979.

*Garland, Nuckolls & Kadish, Mark J. Kadish, Rhonda A. Brofman,* for appellants.

*Jessee, Ritchie & Duncan, Jeffrey L. Sakas,* for appellee.