## 58801. BVA CREDIT CORPORATION v. MAY et al.

DEEN, Chief Judge.

BVA Credit Corp. brought an action against appellees to collect a deficiency of $7,778 which it claimed was the outstanding balance due on a lease contract of $26,352 after appellee was credited with payments totaling $14,574 and $4,000 realized from the sale of the backhoe. BVA brings this appeal from a directed verdict which was entered against it at the close of its evidence. *Held:*

The evidence showed that the equipment lease and individual guaranty were in default, that the backhoe was voluntarily repossessed, and that the proceeds of the sale of the repossessed collateral were applied against the indebtedness. The sole question that remains is whether every aspect of the sale of the equipment by BVA was commercially reasonable as required under Code Ann. § 109A-9—504 (3).

BVA's sole witness was its collection manager who testified that he advertised the backhoe in a bulletin which he sent out about once a month to 130 dealers, brokers, and users of such equipment with whom he had done business in the past. He listed the condition of the equipment as "fair" and asked $10,000 as the net price. He further testified that he had no personal knowledge of the backhoe's condition and that he chose the $10,000 figure to "enhance bidders." When asked on cross examination how he arrived at the $10,000 figure he replied: "10,000 was pretty close to the balance. I thought it was a pretty good, you know, would be a nice place to start off with and see if I couldn't get some people interested in the machine and at least go by and look at it . . . As far as picking out my price, as I've told you, is we're looking for a price to enhance buyers to start, either looking at the equipment or at least

give me a call, besides that a rule of thumb, fifty percent of the value. We paid $20,000 for it in 1974, and fifty percent of that would be $10,000 in 1976, would be a good rule of thumb, something to start with."

In a challenge to the reasonableness of a sale of repossessed collateral, the secured party bears the burden of proof that the sale was commercially reasonable. "[T]he ultimate question of commercial reasonableness is one of law. [Cit.] Once this burden is met by establishing that every aspect of the sale was commercially reasonable, it cannot be overcome by the mere fact that a higher price might have been obtained under a different set of circumstances. But in order for the secured party to *first* meet its burden of proving every aspect of the sale to be commercially reasonable, it must establish affirmatively that the 'terms' of the sale were commercially reasonable, this includes a burden to show that the resale price was the fair and reasonable value of the collateral. [Cit.] The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt; failure to so prove results in a presumption that the value was at least the amount of the debt. [Cit.]" *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778, 779 (230 SE2d 43) (1976).

The testimony of appellant's collection manager did not prove the value of the collateral at the time of repossession. His opinion of value was purely speculative and proved nothing. Accordingly, the trial court did not err in granting a directed verdict against appellant.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED NOVEMBER 5, 1979 — DECIDED DECEMBER 5, 1979.

*Arthur B. Seymour,* for appellant.
*Jack F. Witcher,* for appellees.