## 60225. HUBBARD v. FARMERS BANK, UNION POINT, GEORGIA.

DEEN, Chief Judge.

This litigation in which the appellee bank seeks a deficiency judgment following foreclosure of personal property had a prior appearance in 153 Ga. App. 497 (265 SE2d 845) (1980). The property, a tractor and trailer pledged as collateral on a note, was sold at public sale after advertisement and notice, and brought $15,000. The case was then tried before a jury which returned a verdict finding value of the truck and trailer to be $18,000 and the plaintiff bank due a balance of $7,369.75. Appeal was filed in the Supreme Court which transferred it to this court. *Held*:

The right of a secured party to dispose of collateral after default, and the effect of disposition, is governed by Code § 109A-9—504, which requires that the disposition of such property be commercially reasonable. It is well settled that the burden of proof on this issue rests with the secured party, that this includes a burden to show that the terms of sale are commercially reasonable, and that one of the terms which must be so proved is that the resale price was the fair and reasonable value of the collateral. Where there is no evidence of such fair and reasonable value this burden has not been carried. Failure to establish that the fair and reasonable value of the property does not equal the debt results in a presumption that the value of the property disposed of is at least equal to the debt, from which it follows that no deficiency judgment can be obtained. *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976); *Vines v. Citizens Trust Bank,* 146 Ga. App. 845 (4) (247 SE2d 528) (1978); *Brown v. C.I.T. Corp.,* 150 Ga. App. 361 (258 SE2d 44) (1979); *BVA Credit Corp. v. May,* 152 Ga. App. 733 (264 SE2d 32) (1979).

The only valuation placed on this tractor and trailer was that of the owner, who valued it at $25,000, approximately the amount of the debt. The defendant moved for a directed verdict at the close of the evidence on the ground that the plaintiff had failed to prove market value, to which the plaintiff replied that "the best evidence of what something is worth is what somebody will pay for it" and that proof of the price brought at public sale was sufficient. This argument is unavailing. Foreclosure sales are forced sales and notoriously fail to bring the true market price of the article. Cost alone is never proof of market value. *Hoard v. Wiley,* 113 Ga. App. 328 (147 SE2d 782) (1966). The mere fact that the jury was given the make and model of the items and the amount of certain repair bills is not of itself a sufficient basis for establishing market price. The motion for

directed verdict was good, and the trial court accordingly erred in denying the motion for judgment notwithstanding the verdict which was based thereon.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JULY 7, 1980 — DECIDED SEPTEMBER 5, 1980 — REHEARING DENIED SEPTEMBER 17, 1980 — 

*Walton Hardin,* for appellant.
*Peter J. Rice, Jr.,* for appellee.