## 36856. FARMERS BANK, UNION POINT, GEORGIA v. HUBBARD.

HILL, Presiding Justice.

This case is here on certiorari. *Hubbard v. Farmers Bank,* 155 Ga. App. 720 (272 SE2d 510) (1980). This litigation began as a suit by the bank for deficiency judgment following its foreclosure of personal property.

The property, a tractor and trailer pledged as collateral on a note, had been sold by the bank at public sale after advertisement and notice, and brought $15,000. The case was then tried before a jury which returned a verdict finding value of the tractor and trailer to be $18,000 and the plaintiff bank due a balance of $7,369.75.

The Court of Appeals held as follows: "The right of a secured party to dispose of collateral after default, and the effect of disposition, is governed by Code § 109A-9—504, which requires that the disposition of such property be commercially reasonable. It is well settled that the burden of proof on this issue rests with the secured party, that this includes a burden to show that the terms of sale are commercially reasonable, and that one of the terms which must be so proved is that the resale price was the fair and reasonable value of the collateral. Where there is no evidence of such fair and reasonable value this burden has not been carried. Failure to establish that the fair and reasonable value of the property does not equal the debt results in a presumption that the value of the property disposed of is at least equal to the debt, from which it follows that no deficiency judgment can be obtained. *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778 (230 SE2d 43) (1976); *Vines v. Citizens Trust Bank,* 146 Ga. App. 845 (4) (247 SE2d 528) (1978); *Brown v. C.I.T. Corp.,* 150 Ga. App. 361 (258 SE2d 44) (1979); *BVA Credit Corp. v. May,* 152 Ga. App. 733 (264 SE2d 32) (1979)." *Hubbard v. Farmers Bank,* supra, 155 Ga. App. at 720.

The Court of Appeals found further that the sale price at the public foreclosure sale ($15,000) was not evidence of the fair and reasonable value of the collateral, that the bank had failed to prove the fair and reasonable value of the collateral, and that the trial court therefore had erred in denying the defendant's motion for directed verdict and motion for jnov. We granted certiorari to consider (1) whether there is a presumption that the value of the collateral equals the debt on it; and (2) whether the price obtained at a legally advertised and conducted foreclosure sale constitutes "any evidence" of the value of the collateral.

First, it should be noted that we are not dealing with a foreclosure sale of real property where the issue at confirmation is the

"true market value" of the property. Code Ann. § 67-1504. Nor are we dealing here with a judicial or sheriff's sale. 18 EGL Judicial Sales, §§ 2-4 (1970).[1] We deal here with the right of a secured party to a deficiency judgment after disposing of collateral, as provided by the Georgia UCC.

Two provisions of our UCC are applicable. Code Ann. § 109A-9—504 (3) provides as follows: "Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but *every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable.* Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, *reasonable notification of the time and place* of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made *shall be sent by the secured party to the debtor,* if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods no other notification need be sent. In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale." (Emphases supplied.)

Code Ann. § 109A-9—507 (2) provides as follows: "*The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner.* If the secured party either sells the collateral in the usual manner in any recognized market therefor or if he sells at the price current in such market at the time of his sale or if he has otherwise sold in conformity with reasonable commercial practices among dealers in the type of property sold he has sold in a commercially reasonable manner. The principles stated in the two preceding sentences with respect to sales also apply as may be appropriate to other types of disposition. A disposition which has been approved in any judicial proceeding or by any bona fide

---

[1] The judicial sale cases cited by the creditor finding a presumption as to the value of property based upon the judicial sale price are hence inapplicable.

creditors' committee or representative of creditors shall conclusively be deemed to be commercially reasonable, but this sentence does not indicate that any such approval must be obtained in any case nor does it indicate that any disposition not so approved is not commercially reasonable." (Emphasis supplied.)

In *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420) (1968), the plaintiff/creditor sold the secured automobile and brought an action for deficiency judgment, as authorized by Code Ann. § 109A-9—504 (2). The defendant by answer denied receiving notice of the date and place of sale, be it public or private. Plaintiff moved for and obtained summary judgment but the Court of Appeals reversed, holding that a secured party who sells the collateral (nonperishable, etc.) without strict compliance with the notice of sale requirement of Code Ann. § 109A-9—504(3), supra, cannot recover any deficiency. The Court of Appeals reasoned that giving notice of sale to the debtor was necessary to protect the debtor's right of redemption under Code Ann. § 109A-9—506.

In *Edmondson v. Air Service Co.,* 123 Ga. App. 263 (1) (180 SE2d 589) (1971), the Court of Appeals held: "Where, on default in installment payments, property subject to a security interest is repossessed by the seller, if the seller thereafter wishes to dispose of such collateral at public or private sale and, on its failure to bring an amount sufficient to pay the balance due on the debt, secure a deficiency judgment against the purchaser for the balance, he must follow Code Ann. § 109A-9—504 (3), so that if the property is sold at private sale, 'reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.' Compliance with this requirement is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance. *Braswell v. American Nat. Bank,* 117 Ga. App. 699 (161 SE2d 420)."

In *Luxurest Furniture Mfg. Co. v. Furniture Warehouse Sales, Inc.,* 132 Ga. App. 661 (209 SE2d 63) (1974), the Court of Appeals found in Division 1 of its opinion that the creditor's sale of repossessed furniture to a company owned and operated by the owners of the creditor corporation, after contacting only one furniture dealer in an effort to sell the repossessed furniture, was not "commercially reasonable." That court also held that repossessed furniture was not "customarily sold in a recognized market," was not "the subject of widely distributed standard price quotations," and hence the creditor was not authorized by Code Ann. § 109A-9—504 (3), supra, to purchase it at a private sale.

In Division 2 of its opinion in *Luxurest,* supra, citing Tennessee

and Arkansas cases, the Court of Appeals held that the creditor was entitled to recover the amount of the debt less the net proceeds which could be realized from a proper foreclosure sale (plus or minus applicable payments or charges) (132 Ga. App. at 664-665).

This court granted certiorari as to Division 2 of the Court of Appeals' opinion in *Luxurest*, supra. *Gurwitch v. Luxurest Furniture Mfg. Co.,* 233 Ga. 934 (214 SE2d 373) (1975). In *Gurwitch,* this court recognized two rules at the opposite ends of the spectrum of possible results: (1) that a creditor who fails to comply with Code Ann. § 109A-9—504 (3) in the sale of repossessed collateral is barred from obtaining a deficiency judgment, and (2) that a creditor who fails to comply with Code Ann. § 109A-9—504 (3) in the sale of repossessed collateral is not barred from obtaining a deficiency judgment and may recover the difference between the debt and the reasonable value of the collateral (233 Ga. at 935-936). See also White & Summers, Uniform Commercial Code, § 26-15, pp. 1000-1004 (1972).

Within the latter category (2 above), are two sub-categories: (a) A creditor who fails to comply with Code Ann. § 109A-9—504 (3) is met by a presumption, which the creditor must overcome, that the value of the collateral is equal to the debt (the Arkansas rule), and (b) a creditor who fails to comply with Code Ann. § 109A-9—504 (3) may recover the deficiency, subject to reduction (set-off) of any damages proved by the debtor. As can be seen, the difference in these two procedures is that under the Arkansas rule the debtor is the recipient of a presumption which the creditor must overcome, while in the second instance the burden of proof is on the debtor. White & Summers, supra, pp. 1004-1006.

In *Gurwitch,* supra, this court approved the Court of Appeals' decisions in *Braswell* and *Edmondson,* supra, and put Georgia in that category of states which deny a deficiency judgment to creditors who fail to comply with Code Ann. § 109A-9—504 (3), holding: "Compliance with Code Ann. § 109A-9—504 (3) is a condition precedent to recovery of any deficiency between the sale price of the collateral and the amount of the unpaid balance." (233 Ga. at 936).

We now recognize our holding in *Gurwitch* to have been over-inclusive. The creditor in *Braswell,* supra, had failed to give notice of the sale to the debtor, as had the creditor in *Edmondson,* supra. The creditor in *Luxurest/Gurwitch,* supra, had not made a bona fide effort to sell the repossessed collateral in a "commercially reasonable" manner generally (*Luxurest,* 132 Ga. App., supra, Division 1). None of these three cases turned on the inadequacy of the foreclosure sale price. As noted above "[t]he fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself

sufficient to establish that the sale was not made in a commercially reasonable manner." Code Ann. § 109A-9—507, supra. Hence our decision in *Gurwitch,* supra, was over-inclusive to the extent that it might be read as applying not only to the creditor's failure to give notice to the debtor and failure to sell in a commercially reasonable manner generally, but also to inadequacy of the sale price.

In *Granite Equipment Leasing Corp. v. Marine Development Corp.,* 139 Ga. App. 778, supra, decided after *Gurwitch,* supra, and relied upon by the Court of Appeals in the case now before us, the Court of Appeals was faced with an inadequacy of sale price. There the creditor offered only one witness who testified that she had no expertise in the value of the repossessed collateral, had obtained no appraisal by a third party except she had been told it had only junk value, had advertised and made telephone inquiries to prospective buyers, and had sold the collateral (securing a debt over $6,000) at private sale for $1100. The purchaser resold it in a short time for $1900.

In *Granite,* the Court of Appeals implicitly recognized that our statement in *Gurwitch* was over-inclusive and correctly found that every aspect of the disposition of repossessed collateral must be commercially reasonable, including its method, manner, time, place and *terms* (Code Ann. § 109A-9—504 (3)); that the creditor has the burden of proving that the sale was commercially reasonable; and that in proving that the sale was commercially reasonable the creditor must prove that the "terms" were reasonable and this includes proof that the resale price was fair and reasonable. However, the court recognized that "the fact that a better price could have been obtained by a sale at a different time or in a different method ... is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner." (139 Ga. App. at 778). Hence, the Court of Appeals adopted for use in "inadequacy of sale price" cases the Arkansas presumption discussed above, holding (139 Ga. App. at 779): "But in order for the secured party to *first* meet its burden of proving every aspect of the sale to be commercially reasonable, it must establish affirmatively that the 'terms' of the sale were commercially reasonable; this includes a burden to show that the resale price was the fair and reasonable value of the collateral. First Nat. Bank of Bellevue v. Rose, 10 UCC Rep. 903 (188 Neb. 362). The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt; failure to so prove results in a presumption that the value was at least the amount of the debt. In re Thomas, 12 UCC Rep. 578 (WD Va. 1973); Barker v. Horn, 245 Ark. 315 (432 SW2d 21)." It is this holding from *Granite* which is in issue in the case before us. The case of *BVA*

*Credit Corp. v. May,* 152 Ga. App. 733 (264 SE2d 32) (1979), also cited by the Court of Appeals in the decision now on certiorari, is in accord with *Granite.*[2] In both *Granite* and *BVA Credit,* supra, the Court of Appeals found that the secured creditor had failed to carry the burden of proof that the resale price was fair and reasonable, and implicitly held that the resale price in and of itself ($1100 in *Granite;* $4000 in *BVA Credit*) was not evidence of the value of the collateral.[3]

We affirm the Court of Appeals' decision, thereby answering the first question raised on certiorari in the affirmative and answering the second question in the negative.[4]

In summary, a creditor who fails to prove that notice of sale was given the debtor (where required) or fails to prove that the disposition (sale), including its method, manner, time, place and terms, was commercially reasonable, is barred from obtaining a deficiency judgment, *Gurwitch v. Luxurest Furniture,* supra, except where the sole defect is the adequacy of the sale price, in which event the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it. *Granite Equipment Leasing v. Marine Development Co.; BVA Credit*

---

[2] The other two cases relied upon by the Court of Appeals in the quotation of the holding below, *Vines v. Citizens Trust Bank* and *Brown v. C. I. T. Corp.,* supra, cited the *Granite* case, supra, but the holdings in those cases are not directly in point with the issue here.

[3] Compare *Ace Parts & Distributors, Inc. v. First Nat. Bank,* 146 Ga. App. 4 (2) (245 SE2d 314) (1978), where, notwithstanding inadequacy of sale price, the court affirmed a deficiency judgment in favor of the secured creditor where the creditor proved a commercially reasonable disposition. *Ace Parts* is consistent with Code Ann. § 109A-9—507(2) which provides that "The fact that a better price could have been obtained by a sale at a different time or in a different method from that selected by the secured party is not of itself sufficient to establish that the sale was not made in a commercially reasonable manner."

[4] This result arises because the two questions raised on certiorari are opposite sides of the same coin. If the foreclosure sale price were evidence as to the value of the collateral, the presumption would disappear in every case because the sale price is easily proved in every case. Amicus curiae argue that the UCC emphasizes the commercial reasonableness of the means of disposition rather than the adequacy of the sale price. We agree. However, if the sale price were considered as evidence of the value of the collateral, any further consideration of commercial reasonableness would be unnecessary because failure to dispose of the collateral by commercially reasonable means would be harmless error if the sale brought the value of the collateral. That is to say, it could be argued that the value of the collateral was obtained at the sale as shown by the sale price and it follows that the sale was commercially reasonable. We are unable to adopt this argument. (It should be stated that nothing said in this opinion should be interpreted as finding that the sale price is inadmissible evidence.)

*Corp. v. May,* supra. This presumption is overcome by proving the fair and reasonable value of the collateral, whereupon the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or charges properly applicable to the disposition) less the fair and reasonable value of the collateral proved by the creditor (if the resale price is less than the fair and reasonable value proved). See *Ace Parts & Distributors, Inc. v. First Nat. Bank,* supra at fn. 3.

The creditor argues that it proved the fair and reasonable value of the property by evidence other than the resale price. The Court of Appeals found to the contrary and we did not grant certiorari to review that finding. In passing, however, we note that it was not shown that selling a tractor-trailer on the courthouse steps was commercially reasonable, where there was no evidence that tractor-trailers are customarily sold on the courthouse steps where the sale occurred. We note further that there was no evidence as to what a dealer in used tractor-trailers would have paid for the tractor-trailer or what an auctioneer would have been able to sell it for. That is to say, courthouse sales may not be commercially reasonable as to all types of collateral, especially where there are better recognized means of marketing the particular collateral involved.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 9, 1981.

*Lawrence & Rice, Peter J. Rice, Jr.,* for appellant.
*Walton Hardin,* for appellee.
*Martin Snow, Grant & Napier, Edward J. Harrell, John T. McGoldrick, Jr.,* amicus curiae.