65680. WOOD v. FIRST NATIONAL BANK OF COMMERCE.

CARLEY, Judge.

Appellee-Bank loaned money to appellant and the note evidencing the indebtedness was secured by an automobile. Appellant failed to make payments as required by the terms of the note and appellee repossessed the automobile. After giving notice to appellant, appellee sold the vehicle at a private sale for $300. Appellee then instituted the instant action to recover the deficiency balance on the note. The case was submitted to the jury and a verdict was returned for appellee. Appellant appeals from the entry of judgment on the jury's verdict.

In related enumerations of error, appellant attacks the sufficiency of the evidence to support the verdict for appellee. It is essentially appellant's contention that the evidence failed to demonstrate that the sale of the automobile was performed in a commercially reasonable manner.

"When the reasonableness of a sale of repossessed collateral is challenged the burden of showing that the disposition of collateral pursuant to [OCGA § 11-9-504 (Code Ann. § 109A-9—504)] was commercially reasonable rests with the secured party. [Cits.] This burden may not be satisfied without establishing affirmatively that the 'terms' of the sale were commercially reasonable. This includes a burden upon the secured party to show that the resale price was the fair and reasonable value of the collateral. [Cit.]" *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 848 (4) (247 SE2d 528) (1978). "The burden is on the secured party to prove the value of the collateral at the time of repossession and that such value does not equal the debt;

failure to so prove results in a presumption that the value was at least the amount of the debt. [Cits.]" *Granite Equip. Leasing Corp. v. Marine Devel. Corp.,* 139 Ga. App. 778, 779 (230 SE2d 43) (1976).

Appellant first asserts that there was no evidence to authorize a finding that the underlying sale of the automobile was commercially reasonable as to the method and manner in which it was conducted and that appellee was accordingly barred from any recovery for a deficiency on the note. While it is true that appellee's witness did not testify as to the specifics of the sale of the automobile, he did testify as to appellee's "standard procedure" in such matters. That standard procedure was to obtain three bids on repossessed automobiles and to accept the highest one. The witness' testimony was also sufficient to show that such standard procedure was followed with regard to the sale of the automobile in the instant case. " 'Generally, a witness who has no distinct and independent recollection of the details of a fact occurring in the routine course of his business may testify to the fixed and uniform habit in such cases and state that he believes that what was done in a given transaction was in accordance with habit. (Cits.)' 'The probative value of such evidence is for the jury to determine. (Cits.)' [Cit.]" *Baxter v. State,* 159 Ga. App. 632, 633 (284 SE2d 649) (1981). Accordingly, we cannot say that there was no evidence as to the commercial reasonableness of the method and manner in which the sale was conducted. "Having determined when and to whom the disposition occurred, the jury may then pass upon its commercial reasonableness, considering the method, time, place and terms. Neither the trial court nor this court should take upon itself such a determination." *Ennis v. Atlas Finance Co.,* 120 Ga. App. 849, 850 (172 SE2d 482) (1969). See generally *Ace Parts & Distributors v. First Nat. Bank,* 146 Ga. App. 4, 5 (2) (245 SE2d 314) (1978), overruled on other grounds, *Dept. of Transp. v. Clausen Paving Co.,* 246 Ga. 807, 808 (2) (273 SE2d 161) (1980); *Gordon v. Weldon,* 154 Ga. App. 531, 532 (2) (268 SE2d 796) (1980); *Hardin v. Norlin Music, Inc.,* 159 Ga. App. 167 (283 SE2d 21) (1981).

Appellant also asserts that appellee's evidence failed to overcome the presumption that the value of the automobile equalled the underlying debt. As noted above, this presumption arises if the secured party fails "to prove the value of the collateral at the time of repossession . . ." *Granite Equip. Leasing Corp. v. Marine Devel. Corp.,* supra at 779. Appellant essentially asserts that the testimony by appellee's witness concerning the value of the automobile was speculative. See generally *BVA Credit Corp. v. May,* 152 Ga. App. 733 (264 SE2d 32) (1979). We note at the outset that "we are not dealing with a foreclosure sale of real property where the issue at confirmation is the 'true market value' of the property. [Cit.]"

*Farmers Bank v. Hubbard,* 247 Ga. 431-432 (276 SE2d 622) (1981). Accordingly, cases construing OCGA § 44-14-161 (Code Ann. § 67-1503), which are relied upon by appellant in advancing this argument, are distinguishable.

It appears that appellee's witness testified that the value of the car at the time of repossession was "anywhere from $275.00 to $350.00 to $400.00." He further testified that these figures were based on his previous "experience with different cars that we sell, it was in the same category as other cars we sell." "Opinion evidence as to the value of an item, in order to have probative value, must be based upon a foundation that the witness has some knowledge, experience or familiarity with the value of the property in question or similar property and he must give reasons for the value assessed and also must have had an opportunity for forming a correct opinion. [Cits.]" *Sisk v. Carney,* 121 Ga. App. 560, 563 (174 SE2d 456) (1970). The testimony of appellee's witness meets this requirement. See generally *Morris v. State,* 164 Ga. App. 42, 45 (3) (296 SE2d 247) (1982). Accordingly, we cannot say, as a matter of law, that appellee failed to prove the fair and reasonable value of the automobile at the time of the repossession. Compare *Farmers Bank v. Hubbard,* supra; *Granite Equip. Leasing Corp. v. Marine Devel. Corp.,* supra; *BVA Credit Corp. v. May,* supra; *Zohbe v. First Nat. Bank,* 162 Ga. App. 604 (292 SE2d 444) (1982); *Davis v. Ford Motor Credit Co.,* 164 Ga. App. 137 (296 SE2d 431) (1982).

It was not error to enter judgment on the jury's verdict for appellee.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 17, 1983 —
REHEARING DENIED JUNE 29, 1983

*Jack S. Davidson,* for appellant.
*John T. Brown,* for appellee.