## 67268. SCALES v. CESSNA FINANCE CORPORATION.

McMurray, Chief Judge.

On March 31, 1978, Scales purchased an airplane pursuant to a retail installment contract which was assigned to Cessna Finance Corporation (Cessna). On April 9, 1981, Cessna repossessed the airplane for non-payment of installments due under the contract. Scales was given notice of his right to redeem the aircraft but failed to do so. The aircraft was subsequently sold at a private sale. As the proceeds of the private sale were less than the sum determined to be due under the installment sales contract at the date of repossession, plaintiff (Cessna) brought this action against Scales seeking the deficiency.

Following discovery both parties moved for summary judgment. Both parties' motions for summary judgment were denied except that partial summary judgment was granted in favor of plaintiff (Cessna) as to the question of the amount due under the installment sales contract on the date of repossession. Defendant appeals from the grant of partial summary judgment in favor of plaintiff and from the denial of his motion for summary judgment. *Held:*

1. The contract in question provides for 12.5% simple interest. The initial principal amount of the debt is $309,000. Payment was to be made in 84 monthly payments of $5,537.67, each payment to be due on the 14th of the month with the initial payment due on May 14, 1978, 44 days after the date of the contract. Under the terms of the contract the interest is to be adjusted where any payment is made prior to or after the due date. Consequently, the interest stated in the contract is an estimate and noted as such.

The last payment received by plaintiff was made on October 27, 1980. At that time the principal balance was calculated by plaintiff to be $233,511.89, which figure was carried forward at the annual percentage rate of 12.5% to reach the pay-off balance calculated for April 9, 1981, the date the aircraft was repossessed. The only evidence as to the October 27, 1980, principal balance of $233,511.89 is a copy of plaintiff's account ledger showing the history of the transaction involved in the case sub judice, including payments and interest accrued on the contract.

The figures on the ledger do not appear to have been calculated in a manner consistent with the contract. This can be illustrated by an examination of the first few lines of the ledger. The first line of the ledger shows the initiation of the loan on March 31, 1978. At that time the next payment due is shown to be the initial payment due on May 14, 1978, and the initial principal balance of $309,000. This principal balance as shown on the ledger would accrue interest at the rate of $105.82 a day so that when the initial payment was made on May 12, 1978, two days before due, the payment of $5,537.67 was correctly shown to reflect interest of $4,444.44, leaving $1,093.23 to be applied to reducing the principal balance. This left a principal balance of $307,906.77, which accrued interest at a rate of $105.45 a day. The second payment of the loan was made on June 21, 1978, seven days late. The payment of $5,537.67 was entered on the ledger as reflecting $4,218 of interest (leaving $1,319.67 applied to principal which is thus reduced to $306,587.10). This reflected 40 days of interest rather than the 42 days since the previous payment so that in effect defendant paid no interest for two days. This error was beneficial to defendant, certainly not harmful. However, the following entry in the ledger was also dated June 21, 1978, stating that the next payment was due on June 14, 1978, and shows a negative transaction of $5,537.67 which amount is applied to increase the current principal balance to $312,124.77, thus raising the principal balance above its initial amount of $309,000. We are unable to find any evidence explaining or contract provision authorizing this adjustment of eight similar entries. Consequently, we conclude that the trial court erred in determining as a matter of law that no genuine issue of material fact remains as to the accuracy of plaintiff's calculations in regard to the amount due on the contract on the date of repossession. The trial court erred in granting partial summary judgment as to plaintiff on this issue.

Although we must reverse the partial grant of summary judgment in favor of plaintiff, we do not thereby approve of defendant's arguments which suggest that the rules regarding rebate

of unearned interest upon acceleration of the indebtedness are applicable to the case sub judice. The contract before us provides that upon default plaintiff is entitled to "the unpaid balance of the AMOUNT FINANCED [principal amount of the loan], with accrued FINANCE CHARGE . . ." There is no provision in the contract before us for the acceleration of payments containing unearned interest. Therefore, the cases relied upon by defendant which deal with the proper method of rebate of unearned interest are irrelevant to the case sub judice. The trial court erred in granting partial summary judgment in favor of plaintiff.

2. Defendant's second enumeration of error contends that the trial court erred in denying his motion for summary judgment where the plaintiff overstated the redemption price in the notice letter to defendant and said overstatement was commercially unreasonable as a matter of law. As genuine issues of material fact remain in regard to the determination of the correct redemption price, genuine issues of material fact must also remain in regard to the questions raised by this enumeration of error as it is predicated upon defendant's supposition that the redemption price is overstated. This enumeration of error is without merit.

3. Defendant's final enumeration of error raises the issue of whether plaintiff has presented sufficient evidence to overcome the presumption that the value of the airplane equals the debt on it. The creditor (plaintiff) has the burden of overcoming the presumption that the value of the collateral equals the debt on it in order to be entitled to a deficiency judgment. Proof of the foreclosure sale price is not alone sufficient to overcome the presumption. *Farmers Bank, Union Point v. Hubbard,* 247 Ga. 431, 435-436 (n. 4) (276 SE2d 622); *Davis v. Ford Motor Credit Co.,* 164 Ga. App. 137, 138 (1) (296 SE2d 431); *Zohbe v. First Nat. Bank of Cobb County,* 162 Ga. App. 604, 605 (1) (292 SE2d 444); *Granite Equip. Leasing Corp. v. Marine Dev. Corp.,* 139 Ga. App. 778 (230 SE2d 43).

The airplane in question is a 1978 model Cessna 414A. Plaintiff has presented evidence of two sales of other 1978 model Cessna 414 airplanes, one before and one after the sale of the subject airplane. (We note that any distinction arising from the "A" suffix on the model number of the subject airplane is not explained in the record.) Additionally, the record contains evidence as to the condition of the subject airplane and as to the depressed state of the market for airplanes during the relevant period of time. While the probative evidence as to the value of the airplane in question is minimal, we cannot say that there is not "any evidence" which would authorize a fact finder to conclude that the value of the airplane was less than the debt on it. See in this regard *Jefferson v. Kennedy,* 41 Ga. App. 672 (3)

(154 SE 378). Genuine issues of material fact remain as to the value of the airplane at the time of repossession. The trial court did not err in denying defendant's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 3, 1984.

*Otto F. Feil III, William G. McDaniel,* for appellant.
*James E. Massey, Richard B. Herzog, Jr.,* for appellee.