## 70170. CLAY v. PRESIDENTIAL FINANCIAL CORPORATION.
(332 SE2d 924)

BEASLEY, Judge.

Defendant Clay agreed to güarantee payment of a debt owed by Employee Trucking, Inc. (ET) to plaintiff Presidential Financial Corp. (Presidential). ET failed to repay the debt, and Presidential accelerated the entire indebtedness pursuant to the guaranty agreement, filing the present action to recover the principal balance owed by ET plus attorney fees.

A default judgment was awarded to Presidential for the amount prayed on November 18, 1983, and thereafter Presidential disposed of certain property of ET's on which it held a perfected security interest.

On May 9, 1984 the judgment was set aside as to the amount of damages owed because they were unliquidated, having arisen under the guaranty agreement rather than under the borrower's debt agreement. See *Graybar Elec. Co., Inc. v. Opp*, 138 Ga. App. 456 (226 SE2d 271) (1976). Clay filed a pleading placing damages in issue so that he could demand a jury, as provided by OCGA § 9-11-55 (a), and then amended the pleading to allege that Presidential had not disposed of ET's collateral in a commercially reasonable way as required by "OCGA § 11-9-501, et seq."

A bench trial was held after a jury was subsequently waived, and a judgment for $40,882.80 plus costs was entered for Presidential. The court in reaching this figure credited Clay with $9,509.55 for liquidating ET's collateral in the interim between the default judgment and the trial, finding that its sale was commercially reasonable.

Clay appeals, asserting that the trial court's findings of fact do not support the judgment. Clay argues that the court could not properly find the sale was commercially reasonable while finding also that there was no testimony as to the fair market value of the collateral at the time of the sale (there being only unspecific evidence that it was worth "salvage value"), and further, that the actual sale price is insufficient to establish the fair and reasonable value of the collateral.

1. There are two threshold questions. The first is whether defendant could attack the commercial reasonableness of the sale when liability was established by default and the only issue remaining was the amount of the unliquidated damages. OCGA § 9-11-55 (a). Although he attempted to amend his post-default pleading by offering the defense of the lack of a commercially reasonable sale of the collateral, this defense was unavailable to him and the issues raised by it were

unnecessary to try. The failure to prove a commercially reasonable sale of collateral prevents recovery when seeking a deficiency judgment. *Gurwitch v. Luxurest Furn. Mfg. Co.*, 233 Ga. 934 (214 SE2d 373) (1975); *Granite Equip. Leasing Corp. v. Marine Dev. Corp.*, 139 Ga. App. 778 (230 SE2d 43) (1976). The reason is that it is assumed that a commercially reasonable sale of the collateral which was security for the loan would liquidate the debt, so the lender must prove that even a commercially reasonable sale left a deficiency, i.e., that the collateral's value did not fully secure the loan. If the lender fails to establish that the sale was commercially reasonable so that the fair and reasonable value of the collateral was obtained by it but still left a deficiency, it is presumed that the value of the article at the time of sale at least equals the debt and the lender can recover nothing more as there is no deficiency. *Hubbard v. Farmers Bank, Union Point*, 155 Ga. App. 720 (272 SE2d 510) (1980); *Brown v. C.I.T. Corp.*, 150 Ga. App. 361 (258 SE2d 44) (1979). Obviously, if there is no deficiency, there is no liability to begin with. The lack of a commercially reasonable sale is thus a defense to liability, and that issue was here foreclosed by defendant's own inaction in failing to file defensive pleadings to the complaint and allowing it instead to go into default. What he sought belatedly to assert was that he was not indebted at all, but he was circumscribed and could only contest the amount of the damages. A plaintiff's failure to prove a commercially reasonable sale does not simply reduce the amount of the damages or otherwise affect the amount of the damages the lender can recover, it obliterates his right of recovery altogether. *Georgia Central Credit Union v. Coleman*, 155 Ga. App. 547 (271 SE2d 681) (1980). It is a complete defense to liability. But in this case, that was water over the dam.

2. Secondly, this was a suit on a guaranty agreement, not a suit for a deficiency after sale of collateral. While it is true that collateral was sold after suit was brought, plaintiff thereby mitigating its damages and the court properly giving credit to defendant guarantor for the amounts realized, the lender was not bound to meet the requirements of OCGA § 11-9-504 (3). The guarantor agreed to be liable for all obligations of the borrower to the lender "together with all damages, losses, costs, interest, charges, expenses and liabilities of every kind, notice and description suffered or incurred by the Lender, arising *in any manner* out of or *in any way connected with, or growing out of* said objections of the Borrower to the Lender . . . The [guarantor] hereby consents and agrees that the Lender may at any time, either *with or without consideration, surrender* any property . . . securing any of the obligations covered . . . and such *surrender . . . shall not in any way affect the liability* of the [guarantor] hereunder. The [guarantor] shall not be discharged from his obligations and undertakings hereunder in the event the Lender releases or agrees not to

sue any person against whom the undersigned has, to the knowledge of Lender, a right of recourse or should the Lender agree to suspend the right to enforce the promissory note(s) signed by Borrower, or a guaranty given by any other person, or Lender's interest in the collateral given by Borrower to secure the loans made by Lender. Lender shall be under no duty to exercise all or any rights and remedies given by any note or agreement signed by Borrower, nor given by any other guaranty given to Lender to secure Borrower's indebtedness to Lender, as a condition or requirement of enforcing this guaranty . . . The [guarantor] . . . agrees that no modification of any of the obligations, and that no . . . surrender . . . of any collateral security given by Borrower, shall release the [guarantor] from any of the indebtedness then accrued or thereafter to accrue under this guaranty or any part hereof . . . The [guarantor] agrees that no act or omission on the part of the Lender shall in any way affect or impair this guaranty. . . . At the option of the Lender this may be treated as a guaranty or as a suretyship, with the right to proceed against the undersigned without first proceeding against the Borrower. . . ." (Emphasis supplied.) Thus, as in *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434 (1) (280 SE2d 842) (1981), the agreement clearly evidences a waiver of any rights the guarantor may have and to insist on compliance with OCGA § 11-9-504 (3) as a prerequisite to its liability. In *Bennett v. Union Nat. Bank &c. Co.*, 169 Ga. App. 904, 906-907 (315 SE2d 431) (1984), it was stated that *Vickers* is "still viable authority for the proposition that a guarantor or surety, under the terms of a separate contract, may waive such protection as notice or the right to contest the commercial reasonableness of the disposition of collateral." In *Bennett*, too, the language of the guaranty was held to evince a waiver. Thus, even though a guarantor could otherwise assert the "commercially reasonable" defense which would be available to his principal, the debtor, under OCGA § 11-9-504 (3) in an action by the secured party against the guarantor for a deficiency judgment, it may be waived by the terms of the guaranty agreement. See *Vickers*, supra at 436-437.

This being the case, we do not reach the issues relating to commercial reasonableness of the collateral's disposition and the trial court's findings and conclusions in those regards.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 24, 1985.

James E. Spence, Jr., for appellant.
Sara Anne Ford, Peter J. Anderson, for appellee.