A89A1376. GILBERT v. FARMERS & MERCHANTS BANK.

(385 SE2d 782)

SOGNIER, Judge.

The Farmers & Merchants Bank brought suit against Hubert E. Gilbert seeking a deficiency judgment after repossessing and selling a piece of logging equipment pledged as collateral by Gilbert on a loan on which he defaulted. Gilbert answered and counterclaimed, alleging the bank had failed to dispose of the collateral in a commercially reasonable manner. Cross-motions for summary judgment were filed, and the trial court granted the bank's motion and denied that of Gilbert. Gilbert appeals.

The record reveals that on May 7, 1985, the equipment, a 1982 Case Uni-Loader, Model 1845, was originally pledged to appellee as collateral for a loan in the amount of $7,641.19. On October 2, 1986, the balance remaining on that loan, $4,551.91, was refinanced with the Uni-Loader in question remaining as collateral for the new loan. Appellant admitted at his deposition that he defaulted on the loan, and that he parked the Uni-Loader in his yard to enable appellee to repossess it. It is uncontroverted that appellant received notice, complying with the U.C.C.'s requirements, that the equipment would be sold at a private sale. See OCGA § 11-9-504 (3). After repossession, the Uni-Loader was held at a local car and truck lot in anticipation of sale and for viewing by prospective bidders, and was eventually sold to the highest bidder for $1,000.

1. Appellant contends a material issue of fact exists regarding whether appellee carried its burden of proving that the sale price obtained for the Uni-Loader was equal to its fair market value, and thus the trial court erred by granting summary judgment to appellee regarding the commercial reasonableness of the sale.

"[A] creditor who . . . fails to prove that the disposition (sale), including its method, manner, time, place and terms, was commercially reasonable, is barred from obtaining a deficiency judgment, [cit.], except where the sole defect is the adequacy of the sale price, in which event the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it. [Cits.] This presumption is overcome by proving the fair and reasonable value of the collateral, whereupon the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or charges properly applicable to the disposition) less the fair and reasonable value of the collateral proved by the creditor (if the resale price is less than the fair and reasonable value proved). [Cit.]" *Farmers Bank v. Hubbard*, 247 Ga. 431, 436-437 (276 SE2d 622) (1981).

Although this case, unlike *Hubbard*, was decided on summary judgment rather than by a jury after hearing evidence, "[t]he commercial reasonability of a sale of personalty under [OCGA § 11-9-504] is as appropriate a subject of summary judgment as any other issue triable by a jury. Ultimately the commercial reasonability of a sale of repossessed collateral may be a question of law; where the creditor shows prima facie that the sale was reasonable, to prevent summary judgment the debtor must support his challenge to the sale by asserting specific facts showing there is a genuine issue for trial. [Cits.]" *Slaughter v. Ford Motor Credit Co.*, 164 Ga. App. 428-429 (296 SE2d 428) (1982). However, in this case, although appellee may have presented a prima facie case that the sale price was equal to the fair market value of the collateral in its affidavits in support of its motion for summary judgment, each and every one of these affidavits was rebutted by appellant in his own affidavits submitted in opposition to the motion.

Appellee proffered affidavits from Moses Greene, the buyer, who deposed that the equipment was not worth the $1,000 he paid for it; that the motor and transmission were "locked up"; and that it had no starter and the tires were all flat; A. Sidney Lane, the loan officer, who deposed that the equipment was "a piece of junk"; Jimmy Davis, the car and truck dealer on whose lot the equipment was placed, who stated that he was "familiar with the value of equipment of this type generally" and was of the opinion that $1,000 "was the best price that could be obtained for it"; and Gary Deen, the owner and operator of the repossession service, who stated that the equipment was "broken down and had several parts missing from it."

In opposition to the motion, appellant submitted affidavits from Henry Williamson, in which he attested that he assisted appellant in moving the Uni-Loader to his residence for the purpose of repossession and it was "in running condition and operational." In his own

affidavit, appellant swore that Moses Greene had admitted to him that the machine was operational; that the equipment was in working order and operable on the day it was repossessed and that the motor was not "locked up" nor the tires flat; and that he had bought and traded equipment of this type for approximately 20 years, and that in his opinion the Uni-Loader was worth approximately $10,000 at the time of the repossession. In another affidavit submitted by appellant, Curtis Tanner, a mechanic and service manager for Southeastern Uni-Loader, Inc., stated that he had worked on, bought and/or traded this type of equipment for over 20 years and that he had personally observed and worked on the Uni-Loader in question shortly before the repossession and that it was "certainly not junk and positively worth more than $1,000.00." Finally, Kenneth Welch averred in his affidavit that he had 26 years of experience in "selling, trading, buying and repairing" equipment of the type in question here, and that he was familiar with the selling prices and values of such equipment, new and used, in the Atlanta and Middle Georgia area. Based on his personal knowledge and experience, published prices in the National Farm & Power Equipment Dealers Associations's "Official Industrial Equipment GUIDE" also provide information as to the fair and reasonable value of such equipment; and based on his own personal knowledge and experience and the published guide prices, it was his opinion that the equipment had a retail value of $11,000 and a wholesale "as is" value of $9,000.

Thus, we cannot agree with the trial court that there is no genuine issue as to any material fact or that appellee was entitled to judgment as a matter of law. Rather, there exists a genuine issue of material fact as to whether the sale price equalled the fair market value of the equipment, and consequently, whether appellee was entitled to a deficiency judgment and, if so, in what amount. Accordingly, these issues must be decided at trial by the trier of fact.

2. Because of our decision in Division 1, supra, it is not necessary to address appellant's contention that the trial court erred by granting summary judgment to appellee because material questions of fact exist with regard to the amount of the deficiency, if any.

3. Appellant also contends the trial court erred by denying his motion for summary judgment on his counterclaim on the issue of whether appellee was barred from recovering a deficiency judgment because it had not acted in a commercially reasonable manner in regard to all aspects of the sale other than the sale price. Appellant alleged in his brief in support of his motion that the sale was not commercially reasonable in that appellee failed to obtain an appraisal on the Uni-Loader and that the sale was not conducted in the manner usually used for disposing of this type of collateral. Appellant further stated that the proper method for disposal and sale of such collateral

was shown in an affidavit from Ralph Dennard. However, no affidavit from Dennard appears in the record.

"The burden of proof on motion for summary judgment is always on the movant, even with respect to issues on which the opposing party would have the burden of proof during the trial of the case. [Cits.]" *Best v. Dublin Eye Assoc.*, 188 Ga. App. 225, 226 (372 SE2d 495) (1988). Error must be shown affirmatively by the record, and statements in the brief may not be used in lieu of evidence in the record. See *Cantrell v. Red Wing Rollerway*, 184 Ga. App. 506, 508 (2) (361 SE2d 720) (1987). As appellant failed to carry his burden on summary judgment, the trial court did not err by denying his motion.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Alfred D. Fears, Jr.*, for appellant.
*Donald W. Huskins*, for appellee.