A92A1803. WEBB v. ASSOCIATES COMMERCIAL
CORPORATION.
(427 SE2d 821)

McMurray, Presiding Judge.

Associates Commercial Corporation ("Associates") filed a three-count complaint against Robert E. Webb, d/b/a The Webb Company, alleging that Webb "owes [Associates] $64,894.00 principal, plus interest on a lease [(Count 1); that Webb] owes [Associates] $29,471.16 principal, plus interest on a contract [(Count 2) and that Webb] owes [Associates] $83,242.20 principal, plus interest on a lease [(Count 3)]." Webb denied the material allegations of the complaint and Associates filed a motion for summary judgment with the supporting affidavit of Jerry D. Birkes, Assistant Vice President of Associates.

In support of Count 1, Birkes identified a "TRUCK LEASE AGREEMENT," that Webb entered with Associates; and testified that Webb "defaulted under the terms of said lease[; that] the leased property was sold for $106,000.00 which amount was credited to [Webb's] indebtedness[; that no] additional payment has been made by [Webb] on the indebtedness . . . and [that Webb] is indebted to [Associates] in the principal sum of $64,894.00. . . ." In support of Count 2, Birkes identified a "PROMISSORY NOTE," that Webb entered into with Associates; and testified that Webb "defaulted under the terms of said contract[; that] the collateral securing the contract was sold at public auction for $25,000.00, which amount was credited to [Webb's] indebtedness[; that no] payment has been made by [Webb] on the indebtedness . . . and [that Webb] is indebted to [Associates] in the principal sum of $29,471.16. . . ." In support of Count 3, Birkes identified an equipment lease agreement, that Webb entered into with Associates; and testified that Webb "defaulted under the terms of said lease[;]" that "the leased property was sold at public auction for $60,000.00, which amount was credited to [Webb's] indebtedness[; that no] additional payment has been made by [Webb] on the indebtedness . . . and [that Webb] is indebted to [Associates] in the principal sum of $83,242.20. . . ."

Webb opposed the motion for summary judgment with an affidavit showing that the collateral was sold for less than its fair market value. Associates responded with the affidavit of Scott A. Sorrells, who deposed that the equipment subject to the "TRUCK LEASE

AGREEMENT" was worth $96,000 ("Mack RD6905 Truck — $48,000.00 [and] Mack RD6905 Truck — $48,000.00"). Sorrells deposed that the collateral securing the "PROMISSORY NOTE" and sold "at public auction for $25,000.00 . . ." was worth $28,750 ("Leeboy Asphalt Paver — $22,500 [and] Leeboy Model 400 Roller — $6,500.00"). Sorrells further deposed that the equipment subject to the equipment lease agreement identified in Count 3 of Associates' complaint and "sold at public auction for $60,000.00 . . ." was worth $73,000 ("Dresser 412B Motor Scraper").

The trial court granted Associates' motion for summary judgment, awarding damages in the exact amounts alleged in the complaint, plus interest. This appeal followed. *Held*:

1. The issues before the trial court as to Count 1 of Associates' complaint relate to the proper construction of the "TRUCK LEASE AGREEMENT." However, provisions of the "TRUCK LEASE AGREEMENT" relating to description of the equipment subject to the lease, the purchase price of said equipment and terms of payment under the lease are not included in the record.

The movant has the burden to prove the non-existence of any genuine issue of material fact. See *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670). In the case sub judice, Associates failed to present essential evidence regarding terms of the "TRUCK LEASE AGREEMENT." Consequently, the trial court's order granting Associates' motion for summary judgment as to Count 1 of the complaint must be reversed. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65).

2. Webb contends material issues of fact exist under Counts 2 and 3 of the complaint, arguing that Associates failed to prove the fair market value of the collateral at the time of repossession.

" '(A) creditor who . . . fails to prove that the disposition (sale), including its method, manner, time, place and terms, was commercially reasonable, is barred from obtaining a deficiency judgment, (cit.), except where the sole defect is the adequacy of the sale price, in which event the creditor is not barred from recovery but must overcome the presumption that the value of the collateral equals the debt on it. (Cits.) This presumption is overcome by proving the fair and reasonable value of the collateral, whereupon the creditor is entitled to a deficiency judgment in the amount of the debt (plus or minus any payments or charges properly applicable to the disposition) less the fair and reasonable value of the collateral proved by the creditor (if the resale price is less than the fair and reasonable value proved). (Cit.)' *Farmers Bank v. Hubbard*, 247 Ga. 431, 436-437 (276 SE2d 622) (1981)." *Gilbert v. Farmers &c. Bank*, 192 Ga. App. 700 (1), 701 (385 SE2d 782).

In the case sub judice, there is no evidence regarding the method,

manner, time, place and terms of the sale of any of the collateral. Further, there are opposing affidavits disputing the fair and reasonable value of the collateral. In fact, the affidavit of Scott A. Sorrells, filed on behalf of Associates, indicates that the collateral securing the "PROMISSORY NOTE" and the equipment subject to the equipment lease agreement (i.e., the lease identified in Count 3 of Associates' complaint) was sold for below fair market value. Under these circumstances, the trial court erred in granting summary judgment in favor of Associates on Counts 2 and 3 of the complaint. "[T]here exists a genuine issue of material fact as to whether the sale price equalled the fair market value of the [collateral], and consequently, whether [Associates is] entitled to a deficiency judgment and, if so, in what amount." *Gilbert v. Farmers &c. Bank*, 192 Ga. App. at 702.

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 10, 1993.

*Harrison & Willis, Randall P. Harrison*, for appellant.
*Bryant, Davis & Cowden, James W. Hays*, for appellee.